580 So.2d 1133 (1991)
Daniel and Cynthia THOMPSON, etc.,
v.
Katie Wallett TEMPLE, Alice Brown and Allstate Insurance Company.
No. 91-CA-0115.
Court of Appeal of Louisiana, Fourth Circuit.
May 31, 1991.
*1134 Stephen P. Bruno, Bruno & Bruno, New Orleans, for plaintiffs/appellants.
Steven M. Lozes, Lozes & Cambre, New Orleans, for defendants-appellees.
Before GARRISON, BARRY and PLOTKIN, JJ.
PLOTKIN, Judge.
Plaintiffs, Daniel and Cynthia Thompson, and their three children, while sleeping were overcome by carbon monoxide gas which allegedly leaked from a bathroom heater. They rented the house in which they lived from the defendant. The defendant, Katie Temple, had a standard homeowner's insurance policy with Allstate Insurance Company. This policy contains the following "pollution exclusion" clause:
9. We do not cover bodily injury or property damage which results in any manner from the discharge, disposal, release or escape of:
a) vapors, fumes, acids, toxic chemicals, toxic liquids or toxic gases;
b) waste materials or other irritants, contaminants or pollutants.
Allstate filed a motion for summary judgment on the basis of the "pollution exclusion" clause in its insurance policy. This clause excludes coverage for personal injuries caused by the emission of vapors, chemicals or gases.
The trial court granted summary judgment, and the only issue on appeal is whether the pollution exclusion clause negated coverage.
The homeowner's policy is a liability policy. The purpose of a liability policy is to "shield the insured from being required to make any payment on" a claim for which she may be held liable. Quinlan v. Liberty Bank and Trust Co., 575 So.2d 336, 348 (La.1991). Temple is being sued for negligence and strict liability. It would normally be the function of her homeowner's insurance to protect her against liability.
Pollution exclusion clauses are intended to exclude coverage for active industrial polluters, when businesses knowingly emitted pollutants over extended periods of time. Appleman, Insurance, Sec. 4499.05 (1990 Supp.); American States Ins. Co. v. Maryland Cas. Co., 587 F.Supp. 1549, 1553 (E.D.Mich.1984); Molton, Allen and Williams v. St. Paul Fire & Marine *1135 Ins, Co., 347 So.2d 95 (Al.1977); Autotronic Systems, Inc. v. Aetna Life & Casualty, 89 App.Div.2d 401, 456 N.Y.S.2d 504 (NYAD 1982); United Pacific Ins. Co. v. Van's Westlake Union, Inc., 664 P.2d 1262 (Wash.App.1983).
We have located only one other case which concerned a home. Grinnell Mut. Reinsurance Co. v. Wasmuth, 432 N.W.2d 495 (Minn.App.1988), involved the installation of insulation which leaked formaldehyde into the home. The homeowners sued the installer. The trial court granted summary judgment for the installer's liability insurer. The court of appeal reversed. It held that the pollution exclusion clause was intended for polluters who knew that they were polluting, not those who did not. 432 N.W.2d at 498.
In Louisiana, this court in Sellers v. Seligman, 463 So.2d 697, 702 (La.App. 4 Cir.), writ denied, 464 So.2d 1379 (La.1985), decided a silicosis case with a pollution exclusion clause on the basis of ambiguity in the wording of the policy. In that case, this court found that there was a difference of opinion between the parties as to the meaning and applicability of the exclusion, and that this was a material issue of fact. Therefore summary judgment was not appropriate.
In "Louisiana law, when there is any doubt about the meaning of an agreement, the court must ascertain the common intention of the parties, rather than adhering to the literal sense of the terms." Sellers, 463 So.2d at 702. It seems that the intent of the insurance industry in adding pollution exclusion clauses to their policies was to exclude coverage for entities which knowingly pollute the environment over a substantial period of time. That situation is totally different from a leaking gas heater within a home. It is unlikely that the insurance industry intended such an exclusion clause to apply to this situation. We find that, on the basis of the intent of the parties, a pollution exclusion clause in a homeowner's insurance policy does not operate to exclude injuries caused by a leaking gas heater.
In addition, although the policy excluded coverage for injuries caused by pollutants, in this case, plaintiffs sued for numerous counts of negligence and for strict liability. Thus there are questions of causality and of fault in allowing the defective heater to be used on the premises. Most of these involve disputed questions of fact.
Thus there are material facts in dispute concerning the cause of the leaking carbon monoxide, negligence, strict liability, and the meaning of the exclusion clause in the insurance policy. When there is "any doubt as to whether there are material facts in dispute, [this] is to be resolved against the granting of summary judgment and in favor of a trial on the merits." Sellers, 463 So.2d at 702.
For the above reasons, we hold that summary judgment was improper in this case. We reverse and remand for trial on the merits.