591 So.2d 1358 (1991)
Ralph L. WEST, Jr. and his wife, Margaret Gilmore West
v.
BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, Peterson Maritime Services, Inc. d/b/a Peterson-Riedel, Sea-Land Services, Inc., CSX Transportation, Inc., Hayes/Dockside, Inc. and Aceto Agricultural Chemical Corporation.
No. 91-CA-0555.
Court of Appeal of Louisiana, Fourth Circuit.
December 30, 1991.
*1359 James P. Magee, Gary J. Giepert, Suzanne Haik Terrell, Baldwin & Haspel, New Orleans, for Hayes Dockside, Inc.
J. Gregg Collins, Metairie, for The Home Indem. Co.
Before KLEES and WARD, JJ., and JAMES C. GULOTTA, J. Pro Tem.
WARD, Judge.
These questions of insurance defense and indemnification arising from personal injury litigation come before this Court by way of appellate and supervisory review. Because the issues are inextricably bound, we consolidated the appeal and writ for disposition. (No. 91-C-0861)
Ralph West, a New Orleans City Fire Department employee assigned to the Hazardous Materials Division, and his wife, (West) filed suit against Hayes Dockside, Inc. (Hayes) and various other defendants for personal injuries allegedly sustained during an investigation of a reported toxic incident.
Hayes Dockside, Inc. appeals the grant of summary judgment in favor of The Home Indemnity Co., its insurer, dismissing Hayes's third party demand that Home Indemnity indemnify Hayes for any award to West. Hayes also moved for a summary judgment and now Hayes asks this Court to exercise its supervisory review of the denial of its motion for partial summary judgment seeking recognition of its right to a defense from its insurer. We reverse the lower court's ruling on the indemnification and defense issues.
Hayes provides warehousing services. Through a series of transactions in 1987 and 1988, on behalf of its client, Agricultural Chemical Corporation, Hayes arranged for the storage of drums of Azinphosmenthyl, an organophosphorus pesticide, at the Dock Board's Free Trade Zone.
West's petition states that he sustained lung damage through inhalation of toxic fumes generated by the Azinphosmenthyl when he was called in May 1988 to investigate a problem with the chemical at the Napoleon Avenue facility.
In his petition, West alleges events he attributes to the actions of the various defendants, acts he maintains lead to a leakage of the chemical causing his injuries, including damage to his lungs by inhalation of the fumes.
Specifically, with regard to Hayes, West alleges:
In May, 1987, the defendant Hayes/Dockside, Inc., on information, *1360 knowledge and belief, accepted the containers and/or barrels of Azinphosmenthyl in a damaged condition, and/or alternatively did in fact damage the containers while in transport, and transported the containers to the dock facility at Napoleon Avenue and the river and the damage to the containers was caused by the negligence, gross negligence, and willful, wanton, and reckless conduct on the part of Hayes/Dockside, Inc.
Hayes third partied Home Indemnity, its commercial general liability insurer, demanding that Home provide it a defense. Home answered Hayes' demand and filed a motion for summary judgment asserting that the absolute pollution exclusion of the Home policy insuring Hayes precludes any obligation for defense or indemnification. That exclusion clause says:
It is agreed that Exclusion (F) is replaced by the following:
(F) to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants, into or upon land, the atmosphere or any water course or body of water.
The trial court agreed with Home Indemnity, holding that the exclusion is applicable, and rendered a summary judgment in its favor. Even though the duty to defend is broader than the question of liability, when in a summary judgment the trial court decides as a matter of law the exclusion is applicable, meaning that there is no coverage, then of course there is no duty to defend.
Article 966 of the Louisiana Code of Civil Procedure states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." (Emphasis added.)
We believe the resolution of this appeal depends on the question of whether there is a genuine issue as to a material fact. Home Indemnity claims that plaintiff's contact with the Azinphosmenthyl while investigating a possible toxic accident falls within the terms of the exclusion. Conversely, Hayes argues that the pollution exclusion is not applicable because that exclusion is applicable only to injuries caused directly by the polluter or by the inherent nature of the pollutant or by the natural consequences of their production. More particularly, Hayes contends that when there are other causes of the release of injurious pollutants and when the release is only incidental to the accident, the exclusion does not apply. In support of this argument Hayes relies on Thompson v. Temple, 580 So.2d 1133 (La.App. 4 Cir.1991).
Hayes also relies on the general intent of the exclusion, and the public policy that justifies itpolluters should not be indemnified for their wanton acts which cause injury to the environment and innocent people. Hayes opposed Home Indemnity's motion for summary judgment by producing affidavits from its vice-president that Hayes did not routinely possess nor handle nor transport chemicals, including the Azinphosmenthyl. Home Indemnity did not produce countervailing affidavits or for that matter any other document which would support its position.
Because we believe that the exclusion is applicable to "polluters"those who indifferently pollute our environmentand not to those who only incidentally possess the pollutant in the course of their other business, we hold that this is a question of material fact for the finder of fact. In our opinion the question of whether the instant situation falls within the ambit of the pollution exclusion is primarily a factual issue. In particular the question is whether the exclusion applies because Hayes was a polluter in the sense and meaning discussed in Thompson v. Temple, supra., or did Hayes only incidentally possess the pollutant in the course of its other business? Were the *1361 injuries sustained incidental to the handling, transportation or storage of the Azinphosmenthyl, or was the production and release of the pollutant one of the known consequences of business operations? In other words, did West, the plaintiff, inhale irritants, contaminants or pollutants "arising out of the discharge, dispersal, release or escape", "into or upon land" or "the atmosphere" within the meaning of the policy? The facts are too underdeveloped and sparse to say unequivocally that the pollution exclusion is triggered.
In the instant situation, the trial judge erred in granting summary judgment on the issue of the applicability of the pollution exclusion. There are genuine issues of material fact which must be decided at a trial on the merits.
Because Hayes' demand for a defense from Home Indemnity will depend upon the outcome of the trial on the issue of policy coverage, we vacate the lower court judgment denying a defense to Hayes. For the foregoing reasons, we hold that summary judgment was improper in this case and remand for trial on the merits.
REVERSED AND REMANDED.