644 So.2d 368 (1994)
SOUTH CENTRAL BELL TELEPHONE CO.
v.
KA-JON FOOD STORES OF LOUISIANA, INC., et al.
No. 93-CC-2926.
Supreme Court of Louisiana.
September 15, 1994.
Emile C. Rolfs, III and William F. Ridlon, II, Breazeale, Sachse & Wilson, for applicant.
Milton O'Neal Walsh, Celia R. Cangelosi, Frank A. Fertitta, Lane, Fertitta, Lane, Janney, & Thomas; Murphy J. Burke, III, Michael P. Colvin, Ward & Clesi; and Catherine S. Nobile, Seale, Smith, Zuber & Barnette, for respondent.
Ralph Shelton Hubbard, III, Thomas W. Brunner, Bert W. Rein, and Laura A. Foggan, for Ins. Environmental Litigation, amicus curiae.
Maureen N. Harbourt and Esteban Herrera Jr., for Louisiana Chemical Ass'n, amicus curiae.
Francis S. Craig, III, Eugene R. Anderson, and Martha Churchill, for Mid-America Legal Foundation, amicus curiae.
Richard N. Dicharry, Pamela G. Michiels, Harry A Johnson, III, John R. Trahan, John G. McAndrews, and Henry Lee, for John Richard L. Youell and Lloyd's London, amici curiae.
Maureen N. Harbourt, Janelle C. Devillier, and Sandra L. Edwards, for Louisiana Chemical Ass'n, amicus curiae.
Camille F. Gravel, Jr., for Aetna Cas. & Sur. Co., amicus curiae.
*369 PER CURIAM[*]
South Central Bell Telephone Co. (SCB) filed suit against Ka-Jon Food Stores of Louisiana, Inc. (Ka-Jon),[1] the lessee of a service station, and its insurer, State Farm Fire & Casualty Co. (State Farm), alleging that its underground telephone cables had been damaged by gasoline leaking from Ka-Jon's gasoline storage tanks. State Farm moved for summary judgment in the trial court, based on a pollution exclusion endorsement (FE-8395.1), which it claimed was attached to Ka-Jon's business liability policy for the period April 1, 1986 to April 1, 1987. A copy of the policy was filed into the record, containing endorsement FE-8395.1.
The trial court denied State Farm's motion for summary judgment. Upon State Farm's application, the court of appeal granted a writ of review under its supervisory jurisdiction, reversed the trial court and granted summary judgment in State Farm's favor, finding endorsement FE-8395.1 "clearly and unambiguously"2 excluded coverage for SCB's damages 626 So.2d 1223. SCB applied to this court. We granted certiorari. In an opinion dated May 24, 1994, a majority of this court (with one justice concurring in the result and two justices dissenting) concluded that the endorsement was ambiguous. Accordingly, the court vacated the summary judgment rendered in favor of State Farm and remanded the case to the trial court for further proceedings. Rehearing from that decision was applied for by State Farm. We granted rehearing, and the case was set for oral argument.
Prior to oral argument, State Farm filed a "Motion to Vacate and Remand." In its motion, State Farm contended that it had recently discovered that the pollution endorsement FE-8395.1 should not have been part of Ka-Jon's policy, and that the case should be controlled by the pollution exclusion language contained in the policy.[2] As a result, State Farm asserted that since this court's May 24, 1994 decision was based on an endorsement which was not part of the policy, that decision should be vacated and the case remanded to the district court for proceedings consistent with the applicable policy language. SCB filed an opposition to that motion, contending that it was "clear" that the form of endorsement FE-8395.1 had been previously approved by the commissioner of insurance and there was "little doubt" that it was in fact attached to the Ka-Jon policy.[3] In support, SCB attached a copy of endorsement FE-8395.1, stamped by the commissioner of insurance "FORM APPROVED" and dated "APR 22 1985." SCB also attached a letter from State Farm to the Louisiana Insurance Rating Commission dated April 7, 1986 (six days after Ka-Jon's policy had been issued). The letter is referenced "STATE FARM FIRE AND CASUALTY COMPANY; STATE FARM GENERAL INSURANCE COMPANY; Condominium/Association Program" and requests approval of pollution exclusion endorsement FE-8395.1. A reply to that letter from commissioner of insurance, dated June 27, 1986, indicates that the "Commission granted approval effective July 1, 1986" (three months after Ka-Jon's policy was issued). SCB contends that this correspondence only refers to the exclusion in the context of the condominium/association program, and that the exclusion had been approved on April 22, 1985 for business liability policies such as Ka-Jon's policy. Attachments to the amicus curiae brief of the Insurance Environmental *370 Litigation Association indicate that an endorsement similar to FE-8395.1 (but not identical) had been approved by the Commissioner of Insurance by letter dated April 15, 1985; however, such approval was made with the understanding that the policy be clearly marked (by stamp, sticker, overprint or other method of notification to the insured) to show it does not afford pollution liability coverage.
Having reviewed these attachments, we conclude that there is a serious question as to whether endorsement FE-8395.1 is applicable to the Ka-Jon policy for the period April 1, 1986 to April 1, 1987, and this issue may only be resolved by evidentiary hearing in the trial court. Accordingly, we vacate the judgment of this court dated May 24, 1994, and the judgments of the district court and court of appeal, and remand the case to the trial court for further proceedings. The trial court should first conduct an evidentiary hearing to determine whether endorsement FE-8395.1 applies to Ka-Jon's policy for the period from April 1, 1986 to April 1, 1987. Should the court determine that endorsement FE-8395.1 does not apply, it should apply the proper policy language and decide the case on the merits. In the event the court determines that endorsement FE-8395.1 does apply, it should allow State Farm an opportunity to reurge its motion for summary judgment and decide the motion anew, without reference to the prior resolution of the motion.
SCB's alternative request for sanctions may be urged in the trial court, pending the final outcome of the trial court's decision.

DECREE
For the reasons assigned, the judgment of this court dated May 24, 1994, and the judgments of the district court and the court of appeal are vacated and the case is remanded to the district court for further proceedings consistent with this opinion.
NOTES
[*] Chief Judge Charles A. Marvin, Court of Appeal, Second Circuit, sitting by assignment in place of Justice James L. Dennis; Judge Felicia Toney Williams, Court of Appeal, Second Circuit, participating as an Associate Justice Pro Tempore, effective September 1, 1994. Kimball, J. not on the panel. Rule IV, Part 2, § 3.
[1] After this suit was filed, Ka-Jon sought protection under Chapter 7 of the bankruptcy code. In Re: Ka-Jon Food Stores of Louisiana, Inc. d/b/a Ka-Jon Food Stores, No. 90-00818 United States Bankruptcy Court, Middle District of Louisiana.
[2] The exclusion provision in the policy was significantly different from endorsement FE-8395.1, since it did not apply to a "sudden and accidental" discharge, dispersal, release or escape.
[3] Alternatively, SCB requested that in the event this court granted State Farm's motion to vacate and remand, it should be reimbursed for all costs, fees and expenses, including reasonable attorney fees, which it was forced to incur as a result of State Farm's "wrongful interposition of a legal claim and defense."