**BITUMINOUS FIRE AND MARINE INSURANCE COMPANY**

v.

**Mr. and Mrs. George FONTENOT d/b/a Fontenot's Trading Post and B.M. Oil Company, Inc.**

Civ. A. No. 93–977–B.

United States District Court, M.D. Louisiana.

Aug. 17, 1995.

William Eugene Scott, III, Watson, Blanche, Wilson & Posner, Baton Rouge, LA, for Bituminous Fire & Marine Insurance Company.

Jerold Edward Knoll, Knoll, Roy & Spruill, Marksville, LA, for Mrs. George Fontenot, Retha Fontenot and Carmen A. Fontenot.

F. Jefferson Millican, Millican, Buisson & Cassidy, Jennings, LA, for B.M. Oil, Inc. and Michael Bertrand.

*RULING ON RECONSIDERATION OF THE DEFENDANTS' MOTION TO DISMISS AND PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT*

POLOZOLA, District Judge.

This diversity action[1] requires the Court to determine whether there is any insurance coverage afforded by a policy issued by Bituminous Fire and Marine Insurance Company ("Bituminous") to B.M. Oil Company, Inc. ("B.M. Oil"). B.M. Oil sold used field pipe to Mr. and Mrs. George Fontenot d/b/a Fontenot's Trading Post ("the Fontenots") which the Fontenots, in turn, used to build a fence. The Fontenots contend that the pipe contains natural occurring radioactive material which contaminated their property.

Bituminous filed this action for declaratory judgment in this Court to determine whether damages sought by the Fontenots are excluded from coverage under the pollution exclusion clause of the policy issued to B.M. Oil.[2] Six days after the federal suit was filed, the Fontenots filed a suit in state court against B.M. Oil and Bituminous seeking to recover damages allegedly arising from the pipe. This matter is now before the Court on the parties' cross motions for summary judgment. Because of the current status of Louisiana law on the applicability of pollution exclusion clauses, the Court, on its own motion, will reconsider its March 4, 1994 ruling, which denied the defendants' motion to dismiss, to decide whether it should abstain from deciding this declaratory action.

■ As a federal district court sitting in diversity, this Court must apply the substantive law of the State of Louisiana.[3] When the highest state court has not decided a substantive rule of state law, a federal court sitting in diversity must guess how the state supreme court would decide the case before them. This process is referred to as an "Erie guess."[4] In other words, when the state supreme court has not specifically ruled on a question of substantive state law, the rule followed by the lower state courts may be given some weight but it is not controlling, particularly if there is persuasive evidence that the state supreme court would follow a different rule.[5]

In *Jackson v. Johns–Manville Sales Corporation,*[6] the Fifth Circuit set forth the following factors a court should apply in making an Erie guess:

> [O]ur prediction of state law looks to: (1) lower state court decisions and Supreme Court dicta, (2) the lower court ruling in this case, (3) the general rule on the issue, (4) the rule in other states looked to by [the state courts] when they formulate the substantive law of [the state], and (5) other available legal sources, such as treatises

1. The Court's jurisdiction is based on 28 U.S.C.A. § 1332 (1993).

2. The pollution exclusion reads as follows:
   It is agreed that the exclusion relating to the actual, alleged or threatened discharge, dispersal, release or escape of pollutants is replaced by the following:
   (1) **Bodily injury or property damage** arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants.
   (2) Any loss, cost or expense arising out of any governmental direction or request that the named insured test for, monitor, clean up, remove, contain, treat, detoxify or neutralize pollutants.
   Subparagraph (1) above does not apply to **bodily injury** or **property damage** caused by heat, smoke or fumes from a hostile fire. As used in this exclusion, a hostile fire means one which

becomes uncontrollable, or breaks out from where it is intended to be.
Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

3. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

4. *Rogers v. Corrosion Prods., Inc.,* 42 F.3d 292, 295 (5th Cir.1995).

5. *Commissioner of Internal Revenue v. Estate of Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967).

6. *Jackson v. Johns–Manville Sales Corp.,* 781 F.2d 394 (5th Cir.1986).

and law review commentaries.[7]

■ Applying the above standards, the Court must and will examine Louisiana jurisprudence on pollution exclusionary clauses to determine whether the Louisiana Supreme Court has decided the issue pending before it.

Louisiana appellate courts differ in how they interpret pollution exclusion clauses like the one at issue in this case. The third[8] and fourth[9] circuit courts of appeal have focused on the nature and intent of the polluter, holding that pollution exclusion clauses are only intended to exclude coverage for active industrial polluters in cases where they have knowingly emitted pollutants over an extended period of time. These two circuits have also held that such clauses do not exclude coverage for damage caused by those who incidentally possess pollutants in the course of their business.

In *South Central Bell Telephone Co. v. Ka–Jon Food Stores*,[10] the first circuit court of appeal explicitly declined to follow the decisions rendered by the third and fourth circuits. The court concluded that the language in the pollution exclusion clause was clear and unambiguous and excluded coverage for damage caused by leaking underground gasoline storage tanks leased by the insured.[11] Because of the disagreement between the courts of appeal on this issue, the Louisiana Supreme Court granted writs in the first circuits' *South Central Bell* decision to resolve the conflict.

In its original opinion in *South Central Bell* ("*South Central Bell I* "), the supreme court conducted an exhaustive study of the history of pollution exclusion clauses and held that the pollution exclusion clause at issue was ambiguous because the absolute nature of the clause is adverse to the nature and purpose of the general liability business insurance policy which is to insure against fortuitous accidents and incidental business risks.[12] After reviewing the policy behind the adoption of the pollution clause by insurance companies, the court found that the pollution clause excludes coverage for (1) all damages resulting from intentional acts of pollution, and (2) environmental damage resulting from "fortuitous pollution occurrences."[13] The clause was held not to exclude coverage for accidents involving spills, leaks or discharges of materials which fall under the definition of pollutants or contaminants which cause only non-environmental damage. Additionally, with regard to fortuitous events or occurrences, the court held that the pollution exclusion clause only excluded coverage for environmental damage in circumstances which did not involve conduct enumerated in the clause itself.[14]

On rehearing, the supreme court vacated its earlier decision in *South Central Bell I* because it concluded that there was a "serious question" regarding whether the pollution exclusion endorsement analyzed in that original opinion was, in fact, in effect during the period in question.[15] Along with its order to remand the case back to the trial court for evidentiary hearing on the above issue, the court also vacated the first circuit's opinion. Thus, the only Louisiana appellate court decisions interpreting pollution exclusion clauses which have not been vacated are those decided by the third and fourth circuits.[16] However, it is equally clear that these cases conflict with the interpretation the Louisiana Supreme Court gave to the

7. *Jackson*, 781 F.2d at 397 (citations omitted).

8. *Avery v. Commercial Union Ins., Co.*, 621 So.2d 184 (La.App. 3d Cir.1993).

9. *Crabtree v. Hayes–Dockside, Inc.*, 612 So.2d 249 (La.App. 4th Cir.1992); *West v. Bd. of Comm'rs of the Port of New Orleans*, 591 So.2d 1358 (La.App. 4th Cir.1991).

10. 626 So.2d 1223 (La.App. 1st Cir.1993).

11. *South Cent. Bell Tel. Co. v. Ka–Jon Food Stores of La.*, 626 So.2d at 1224.

12. *South Cent. Bell Tel. Co. v. Ka–Jon Food Stores of La. ("South Central Bell I ")*, 644 So.2d 357, 364 (La.1994).

13. *South Central Bell I*, 644 So.2d at 364.

14. *South Central Bell I*, 644 So.2d at 365.

15. *South Cent. Bell v. Ka–Jon Food Stores*, 644 So.2d 368, 370 (La.1994).

16. *See* cases cited *supra* notes 8–9.

pollution exclusion clause in *South Central Bell I.*

Although vacated, the Louisiana Supreme Court's original opinion in *South Central Bell I* provides direct insight into how that court would interpret the pollution exclusion clause in this case. While *South Central Bell I* may only have the precedential value of an advisory opinion, it does provide clear and unmistakable guidance to state and federal judges as to how, in the future, the Louisiana Supreme Court most likely would interpret a pollution exclusion clause like the one before this Court and the state district court.

Having decided that the pollution clause should be interpreted in accordance with the reasoning expressed in *South Central Bell I,* this Court must now determine whether it or the state court should make the specific factual findings necessary to determine coverage under the facts of this case. In other words, the Court must determine whether it will abstain from making the final decision on coverage in this case. For the reasons which follow, the Court finds it should abstain from further action herein.

In order to apply the standard set forth in the *South Central Bell I,* this Court must make factual findings as to whether: (1) the pollution was caused by a fortuitous event or occurrence or by intentional or environmentally hostile conduct; (2) the pollution was an incidental risk of B.M. Oil running its business; and, (3) the alleged damage was environmental or non-environmental damage. For this Court to decide the nature of the conduct of the insured, characterize the damages, and determine which of the alleged damages were sustained would require that the Court decide most, if not all, of the factual issues in the suit now pending in the state court. The simple question this federal court must determine is whether it should involve itself in this case when there is a pending action in state court involving the same parties and legal issues, and the main issue of law to be decided has been resolved (although in the nature of an advisory opinion) by the Louisiana Supreme Court.

Specifically, the Court must determine whether the Fifth Circuit's decision in *Travelers Insurance Company v. Louisiana Farm Bureau Federation, Inc.*[17] requires this Court to hear the federal declaratory action. In *Travelers,* the Fifth Circuit stated that a federal court must abstain from considering a declaratory action when:

> 1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, 2) the state case involves the same issues as those involved in the federal case, and 3) the district court is prohibited from enjoining the state court proceedings under the Anti–Injunction Act.[18]

■ Although Bituminous filed its federal action before the Fontenots filed their state court action, the Anti–Injunction Act still applies.[19] The suit pending in the Twenty-first Judicial District Court for the Parish of Livingston includes the same parties as those parties named in this case. All factual claims and the ultimate rights of the parties can be resolved by the state court. This Court does not believe that a determination of whether a federal court should abstain in a federal declaratory action should be dependent on which party arrived at the courthouse first. In other words, the mere fact that Bituminous filed its suit in federal court before the state court suit was filed should not require this Court to hear the federal declaratory action. While this is one factor for the federal court to consider, it should not be dispositive. As noted earlier, the Louisiana Supreme Court has written a very scholarly and well-reasoned opinion in *South Central Bell I* based on an exhaustive and thorough

17.  996 F.2d 774 (5th Cir.1993).

18.  *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.,* 996 F.2d at 775.

19.  *Royal Ins. Co. of Am. v. Quinn–L Capital Corp.,* 3 F.3d 877, 885 (5th Cir.1993). Because this action was filed six days before the Fontenots filed suit in state court, the pending action is distinguishable from *Royal Ins.* in that the Fontenots were not trying to use the rule of *Texas Employers' Ins. Ass'n v. Jackson,* 862 F.2d 491 (5th Cir.1988), as a sword by filing their action in state court after significant proceedings had taken place in federal court. Thus, there is little threat, if any, to traditions of comity and federalism.

review of Louisiana law and the historical development of the pollution exclusion clause. It is totally inconceivable to this judge that any state or federal judge would not follow the supreme court's opinion in *South Central Bell I*. For the foregoing reasons, this Court must and shall abstain from considering the merits of this declaratory action in deference to the suit pending in state court.[20]

█ This Court has considerable discretion over whether to decide or dismiss a declaratory action.[21] The factors this Court must consider in exercising its discretion are: 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, and 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy.[22]

█ It is clear that this matter could be fully resolved in the state court proceeding. By allowing the state court suit to proceed, all of the issues can be resolved in one court, thereby eliminating piecemeal litigation. Although forum shopping is a factor to be considered, it is clear from the record that the Fontenots were not engaged in forum shopping when they filed their suit in state court. This federal suit was filed six days before the state suit was filed while the Fontenots were waiting for Bituminous to reply to their demand letter which informed Bituminous of the Fontenots' intent to institute legal proceedings if a settlement was not reached. If anything, Bituminous' decision to file this declaratory action in anticipation of the Fontenots' suit in state court is clear evidence of Bituminous' intent to forum shop.[23] There is simply no reason for two courts to handle this dispute between the parties. The Louisiana law on the interpretation of pollution exclusion clause is clear and unambiguous. The state district court must and should follow the same Louisiana law when deciding the case now before it. By having only one court—state or federal— decide the dispute between the parties, piecemeal appeals and conflicting decisions are eliminated, judicial resources are conserved, and legal expenses and costs are reduced.

The evidence now before the Court clearly supports the Court's decision to abstain. Therefore, the Court's decision on March 4, 1994, is vacated to the extent it conflicts with this opinion. The Court will defer to the state court to resolve the issues pending before the Court on the cross motions for summary judgment.

Therefore:

**IT IS ORDERED** that, in accordance with this Court's decision to abstain from deciding the merits of this case, the defendants' motion to dismiss be and it is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that the Court defers ruling on the pending motion for summary judgment to allow the state court to resolve such issues.

**IT IS FURTHER ORDERED** that the clerk dismiss this suit without prejudice to the rights of the parties in state court.

---

**20.** This case does not fall into the "small class of highly distinguishable cases" announced by the Fifth Circuit in *Travelers* to be an exception to the rule announced in *Jackson*. Unlike the facts in *Travelers*, there is no multiplicity of state court suits in this case. *See Travelers*, 996 F.2d at 776–777.

**21.** *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942); *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28–29 (5th Cir.1989).

**22.** *Travelers*, 996 F.2d at 778 (citations omitted).

**23.** Defs.' Reply Mem. Mot. Dismiss (filed 2–22–94).