| iDECUIR, Judge.
First Financial Insurance Company, Commercial Union Insurance Company, and American Central Insurance Company appeal grants of summary judgment by the trial court regarding coverage issues.
FACTS
Gulf Central Pipeline owned and operated an ammonia transmission line which runs through part of Avoyelles Parish. In May 1995, Gulf Central contracted with Stan Delaney, d/b/a Delaney Enterprises, to cut the grass on the right-of-way along the pipeline. Gulf Central’s contract with Delaney required that Delaney agree to defend, protect, indemnify and hold Gulf Central harmless from and against all claims arising out of the work of Delaney or its subcontractors. The contract further required that Delaney obtain insurance to cover that liability and that the policy include Gulf Central, along with other Koch Pipeline subsidiaries as named insureds.
Delaney purchased a comprehensive general liability policy from American Central Insurance Company, a Commercial Union Company. The policy was |2purchased through the Troy & Nichols Insurance Agency. On June 7, 1995, Delaney was notified that Gulf Central had been added as a named insured. On July 7,1995, a certificate of insurance was signed stating that the Commercial Union policy issued by American Central was no more restrictive than standard coverage and that Gulf Central was a named insured. On July 31, 1995, Koch Pipeline alleges that Gulf Central merged into Koch Pipeline, L.P. and that Koch Pipeline assumed all contractual obligations owed to Gulf Central.
Delaney subcontracted the grass mowing work to Aexander & Ainsworth Contractors which was insured by First Financial Indemnity Company. On September 11, 1995, an employee of Aexander & Answorth was cutting the grass along the pipeline with a tractor and bushhog. The tractor overturned and ruptured the pipeline, releasing ammonia into the air. Ramona Ducote subsequently *290 filed suit alleging that she sustained personal injuries as a result of the ammonia exposure.
Immediately after the accident, Koch Pipeline notified Commercial Union and made demand for indemnification and defense under the Commercial Union policy. Commercial Union denied coverage to Koch Pipeline and Delaney citing the pollution exclusions contained in the policy. Koch Pipeline proceeded to settle numerous claims of persons living near the scene of the accident with its own funds. Koch also paid for repair and cleanup of the accident site. When Craig and Ramona Dueote instituted this suit, Commercial Union again denied coverage. In addition, First Financial denied coverage to Alexander & Ainsworth, also in reliance on the pollution exclusion.
Koch Pipeline filed a third party demand against Delaney and Alexander & Ainsworth seeking indemnification for the claims asserted by the Ducotes. In addition, Koch Pipeline seeks damages from Delaney and Alexander & Ainsworth for the physical damage caused to its pipeline, for loss of the product, for expenses incurred in the cleanup of the accident, and for reimbursement of sums paid by Koch Pipeline [gin settlement of personal injury and property damage claims of the residents of the area in which the accident occurred.
After all parties were joined, multiple motions for summary judgment were filed concerning insurance coverage. On July 15, 1997, the trial court granted a partial summary judgment in favor of Delaney and Koch Pipeline holding that (1) the total pollution exclusion endorsement contained in both the American Central and First Financial policies did not exclude coverage for the claims alleged in this case; (2) Delaney is entitled to a defense under his policy with American Central; and (3) Koch Pipeline is an additional insured under Delaney’s policy with American Central.
American Central and Commercial Union appealed the trial court’s ruling on all three issues. Subsequently, American Central and Commercial Union moved for dismissal of their appeal as it related to the total pollution exclusion and Delaney’s entitlement to a defense. The motion was granted by this court. American Central and Commercial General maintained their appeal of the trial court’s determination that Koch Pipeline was a named insured under the American Central policy. First Financial appealed the trial court’s ruling on the total pollution exclusion as it applies to the claims of Dueote and Koch.
SUMMARY JUDGMENT
A motion for summary judgment shall be granted when the mover establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law, based on the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. La.C.C.P. art. 966. Summary judgment is now favored, however, the mover still bears the burden of establishing that no material issue of fact exists. Stephenson v. Van Vleit, 96-1407(La.App. 3 Cir. 4/30/97); 693 So.2d 858. An appellate court reviews a summary judgment de novo, using the same criteria Uas the district court which determined that summary judgment was appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94); 634 So.2d 1180.
IS KOCH PIPELINE A NAMED INSURED?
American Central and Commercial Union contend the trial court erred in finding that Koch Pipeline is an additional insured under the American Central policy. We disagree.
In support of its motion for summary judgment, Koch Pipeline submitted the affidavit of Nancy Davis, a nine-year employee of the company. Davis’ affidavit asserted that she had personal knowledge that Gulf Central had merged with Koch Industries through a series of mergers which created Koch Pipeline Company, L.P. She further averred that Koch Pipeline had assumed all of the assets, liabilities, and contractual obligations of Gulf Central. We note that though the record is devoid of merger documents, both parties acknowledge that they were presented at the hearing and apparently misplaced by the trial court.
*291 American Central and Commercial Union contend that Nancy Davis’ affidavit is insufficient to support the motion for summary judgment because it does not affirmatively show that she had personal knowledge of the facts contained in the affidavit. We disagree. Nancy Davis’ affidavit specifically states that she has personal knowledge of the merger transactions. American Central and Commercial Union also contend-that the affidavit makes conclusions of law regarding assumption of liability and contractual obligations. Even if this were the case, which we do not believe, Davis’ affidavit establishes the existence of the merger. The légal impact of that fact is to be determined by the court as a matter of law. It is clear that in the case of a merger the interests of the stockholders and creditors of any company which disappears remain and are retained by and against the surviving or newly created company. McCarthy v. Osborn, 223 La. 305, 65 So.2d 776 (La.1953); Travis-Edwards, Inc. v. Texas-Edwards, Inc., 299 So.2d 389 (La.App. 2 Cir.), writ denied, 302 So.2d 36 (La.1974); Williamson Leasing Co., Inc. v. American Commercial Lines, Inc. 616 F.Supp. 1330 (W.D.La.1985); Cortland Specialty Company v. Commissioner of Internal Revenue, 60 F.2d 937 (1932). Accordingly, the trial court’s finding that Koch Pipeline was an additional insured under the American Central policy was not erroneous and summary judgment was properly granted.
TOTAL POLLUTION EXCLUSION
First Financial contends that the trial court erred in finding that the total pollution exclusion in its policy does not exclude coverage for all damages in this case. We disagree.
Louisiana courts have held that the absolute pollution exclusion excludes coverage only for “active industrial polluters, when businesses knowingly emitted pollutants over extended periods of time.” Avery v. Commercial Union Insurance Co., 621 So.2d 184, 190 (La.App. 3 Cir.1993) (quoting Thompson v. Temple, 580 So.2d 1133, 1134 (La.App. 4 Cir.1991)); see also Crabtree v. Hayes-Dockside, Inc., 612 So.2d 249 (La.App. 4 Cir.1992), writ denied, 614 So.2d 1257 (La.1993); West v. Board of Commissioners, 591 So.2d 1358, 1360 (La.App. 4 Cir.1991). First Financial directs our attention to the fact that the total pollution exclusion is the industry’s third attempt to change the policy language and that, other than in the withdrawn case of South Central Bell Telephone Company v. Ka-Jon Food Stores of Louisiana, Inc., 93-2926 (La.5/24/94); 644 So.2d 357, rehearing granted (La.6/24/94), judgment vacated, 93-2926 (La.9/15/94); 644 So.2d 368, it has not been interpreted. First Financial argues that the total pollution exclusion at issue in this case is so distinguishable from the absolute exclusion that prior Louisiana case law is not authoritative and should not be followed. We have examined the language of both |6exclusions and find no significant difference that would affect the foundation of the prior case law.
What is apparent is that the courts of this state have found as a matter of public policy that'pollution exclusions do not apply to accidental releases of pollutants by businesses which are not active industrial polluters. The insurance industry’s attempts to change policy language have no impact on the public policy considerations which support the case law. Accordingly, we find that the trial court properly found the total pollution exclusion inapplicable in this case. Summary judgment was properly granted.
CONCLUSION
For the foregoing reasons the judgment of the trial court is affirmed. All costs of this appeal are taxed equally to appellants, Commercial Union and First Financial.
AFFIRMED.