# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

### NO. 2018 CA 0254

## PONTCHARTRAIN NATURAL GAS SYSTEM, K/D/S PROMIX, L.L.C., AND ACADIAN GAS PIPELINE SYSTEM

### VERSUS

## TEXAS BRINE COMPANY, LLC

Judgment Rendered: **DEC 1 2 2019**

\* \* \* \* \*

On Appeal from the
23rd Judicial District Court
In and for the Parish of Assumption
State of Louisiana
Trial Court No. 34,265

Honorable Thomas J. Kliebert, Jr., Judge Presiding

\* \* \* \* \*

Leopold Z. Sher
James M. Garner
Peter L. Hilbert, Jr.
Jeffrey D. Kessler
Amanda R. Schenck
New Orleans, LA

Travis J. Turner
Gonzales, LA

Robert Ryland Percy, III
Gonzales, LA

Eric J. Mayer
Houston, TX

Attorneys for Appellant/Defendant,
Third-Party Plaintiff,
Texas Brine Company, LLC

*Emily Q. Disments in part and assigns reasons. Welch J. Concurs in part and dissents in part and assigns reasons.*

Mary S. Johnson
Mandeville, LA

Nichole M. Gray
New Orleans, LA

Attorneys for Appellees/Defendants,
Third-Party Defendants, National
Union Fire Insurance Company of
Pittsburgh, Pa., and AIG Specialty
Insurance Company

\* \* \* \* \*

BEFORE: GUIDRY, McDONALD, WELCH, HIGGINBOTHAM,
AND THERIOT, JJ.

2

**HIGGINBOTHAM, J.**

This is another appeal related to the many disputes surrounding the Bayou Corne sinkhole that developed in Assumption Parish on August 3, 2012. The issues in this appeal concern potential insurance coverage pursuant to policies that pre-date the occurrence of the sinkhole and whether the insurers have any remaining duty to defend.

Defendant and third-party plaintiff, Texas Brine Company, LLC, appeals the September 13, 2017 summary judgment dismissal of the claims of Pontchartrain Natural Gas System, K/D/S Promix, L.L.C., and Acadian Gas Pipeline (collectively referred to as "Pontchartrain"), in the underlying litigation against some of Texas Brine's insurers. The insurers, National Union Fire Insurance Company of Pittsburgh, Pa., and AIG Specialty Insurance Company (referred to herein as "National Union and AIG"), answered the appeal, asserting that the district court erred in denying their motion for summary judgment seeking a dismissal of Texas Brine's incidental demand against them. National Union and AIG also filed a motion to dismiss Texas Brine's appeal, arguing that the summary judgment is a partial judgment not designated as final for purposes of appeal pursuant to La. Code Civ. P. art. 1915. In turn, Texas Brine filed an exception of lack of subject matter jurisdiction or alternatively, a motion to dismiss National Union and AIG's answer to appeal. National Union and AIG filed a motion to dismiss, or alternatively to strike, Texas Brine's exception/motion. All of the exceptions/motions filed in this court were referred to this merits panel.

For the reasons stated in a previous appeal that is the same in all respects except for the insurers of Texas Brine, we deny the motion to dismiss. See **Pontchartrain Natural Gas System v. Texas Brine Company, LLC,** 2018-0244 (La. App. 1st Cir. 10/11/18), 264 So.3d 545, 550, writ denied, 2019-0080 (La.

3

3/6/19), 264 So.3d 1204 ("when there is an appeal from a final judgment, *i.e.*, a district court's grant of summary judgment, an interlocutory ruling may also be reviewed by the appellate court."). See also **Florida Gas Transmission Company, LLC v. Texas Brine Company, LLC**, 2018-0218 (La. App. 1st Cir. 1/11/19), 272 So.3d 547, 549 n.2, writ denied, 2019-00510 (La. 9/24/19), 279 So.3d 385 ("[b]ecause the judgment dismisses all of [plaintiff's] claims against [the insurer], it is appealable under Article 1915(A)(1) and (3)"). Furthermore, while a denial of a motion for summary judgment is a non-appealable, interlocutory judgment, when an appeal is taken from a partial summary judgment that is immediately appealable under Article 1915, an appellee may seek review of the interlocutory judgment involving the same or related issues by filing an answer to the appeal. See **Florida Gas**, 272 So.3d at 549 n.3. Thus, we deny all of the exceptions/motions to dismiss.

As for the merits of Texas Brine's appeal, as well as National Union and AIG's answer to appeal, we recognize that this court has previously considered and decided these same issues, arguments, and evidence in recent appeals connected with this protracted sinkhole litigation. See **Crosstex Energy Services, LP v. Texas Brine, Company, LLC**, 2017-0863 (La. App. 1st Cir. 12/21/17), 240 So.3d 1024, 1029-30, writ denied, 2018-0144 (La. 3/23/18), 238 So.3d 962, and **Florida Gas Transmission Company, LLC v. Texas Brine Company, LLC**, 2018-0062 (La. App. 1st Cir. 1/11/19), 2019 WL 168583, *1 (unpublished opinion). See also **Pontchartrain**, 264 So.3d at 552-53. We are bound to follow the final and definitive judgments rendered by other panels of this court. **Pontchartrain Natural Gas System v. Texas Brine Company, LLC**, 2018-0001 (La. App. 1st Cir. 6/4/18), 253 So.3d 156, writ denied, 2018-1124 (La. 9/28/18), 253 So.3d 147. The **Crosstex** case is now a final and definitive judgment since the Louisiana

4

Supreme Court has denied Texas Brine's application for a writ of certiorari. See La. Code Civ. P. art. 2167(C).

As in the other appeals concerning summary judgment rulings in favor of insurers of Texas Brine, the motion for summary judgment filed by National Union and AIG avowed that their pre-2012 insurance policies, the last of which expired on March 1, 2009, do not cover Pontchartrain's claims and, consequently, do not require the insurers to provide a defense to Texas Brine. National Union and AIG cite policy language limiting coverage to damage that "occurs during the policy period" and declaring that they have no duty to defend an insured against "any 'suit' seeking damages for ... 'property damage' to which this insurance does not apply." We agree with the insurers' arguments and find no distinguishing facts for a different result in this appeal.

After a thorough *de novo* review of the record in this appeal, we find that National Union and AIG met their initial burden of pointing to an absence of factual support for an essential element to Pontchartrain's claims under the insurers' pre-2012 policies. Coverage pursuant to the pre-2012 policies was never triggered since Pontchartrain's alleged property damage did not occur during the effective dates of the pre-2012 policies. Pontchartrain did not substantively oppose the insurers' motion for summary judgment; however, as in the other related cases, Texas Brine vigorously opposed the motion. Texas Brine's opposition heavily relies on the same speculative expert opinions extraneous to Pontchartrain's allegations and admissions that plaintiffs are not seeking pre-sinkhole damages and were never aware of any damages that occurred prior to the emergence of the sinkhole. For the reasons contained in our previous opinions on these same issues, we affirm the September 13, 2017 summary judgment dismissing Pontchartrain's claims against National Union and AIG.

5

Texas Brine argues in its brief that any clarification of the termination of its insurers' duties and obligations as related to the duty to defend Texas Brine was not raised in the district court. Additionally, Texas Brine did not assign error as to the question of when the duty to defend terminates. Nevertheless, in their answer to Texas Brine's appeal National Union and AIG did request clarification as to the termination of their duty to defend Texas Brine. The record reflects that Texas Brine definitively raised the duty to defend issue in its opposition to summary judgment. National Union and AIG cited policy language in their original motion regarding the lack of a defense duty when coverage does not apply. Further, National Union and AIG, in a reply brief filed in support of their motion, specifically requested that the district court grant summary judgment as to Texas Brine's third-party claims against them, which are "derivative" of Pontchartrain's claims.

Additionally, as the district court's reasons for judgment and written judgment clearly indicate, the duty to defend issue was considered and denied at the August 1, 2017 hearing on the motion for summary judgment. Louisiana Code of Civil Procedure article 966(F) makes clear that a summary judgment may be "rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time." The 2015 Official Revision Comments (l) for article 966(F), offers an extra explanation that, "in deciding a motion for summary judgment, a court can consider only the *issues raised in the motion or opposition* filed by the parties. The court cannot rule on issues not raised by the parties." [Emphasis added.] Considering all of these reasons, we find that the duty to defend issue was raised by the insurers, opposed by Texas Brine, and considered

6

by the district court before the ruling was issued. Thus, we find no merit in Texas Brine's argument to the contrary.[1]

Our previous decisions in the related sinkhole appeals clearly set out the well-established rule of law that an insurer's duty to defend terminates once the undisputed facts establish, or a judicial determination is made, that the claims asserted are not covered under the policy. See **Florida Gas**, 272 So.3d at 551; **Pontchartrain**, 264 So.3d at 553-54; **Crosstex**, 240 So.3d at 1032. See also **Maldonado v. Kiewit La. Co.**, 2013-0756 (La. App. 1st Cir. 3/24/14), 146 So.3d 210, 219; **Allstate Ins. Co. v. Roy**, 94-1072 (La. App. 1st Cir. 4/7/95), 653 So.2d 1327, 1333, writ denied, 95-1121 (La. 6/16/95), 655 So.2d 339 (holding that an insurer's duty to defend terminates once the undisputed facts establish that claims asserted are not covered under the policy); **West v. Bd. of Comm'rs of Port of New Orleans**, 591 So.2d 1358, 1360 (La. App. 4th Cir. 1991) ("[e]ven though the duty to defend is broader than the question of liability, when in a summary judgment the trial court decides as a matter of law the exclusion is applicable, meaning there is no coverage, then of course there is no duty to defend."). Consequently, we reverse the district court's denial of the motion for summary judgment relevant to Texas Brine's third-party claims for indemnity and defense, and render summary judgment in favor of National Union and AIG, dismissing Texas Brine's claims against them under the pre-2012 policies.

In summary, the allegations of Pontchartrain's original and amending petitions did not trigger coverage on the part of National Union and AIG where the uncontroverted admissions of Pontchartrain establish that no pre-2012 damage has

---

[1] Because the duty to defend issue was not raised for the *first* time in the insurers' reply memorandum, but rather in Texas Brine's opposition memorandum, this case is distinguishable from two recent cases decided by this court: **Smith v. Moreau**, 2017-0003 (La. App. 1st Cir. 6/2/17), 222 So.3d 761, 765-66; **Wilson v. Two SD, LLC**, 2015-0477 (La. App. 1st Cir. 12/23/15), 186 So.3d 159, 162, writ denied, 2016-0306 (La. 4/8/16), 191 So.3d 588.

ever been definitively identified and no claim for pre-2012 damages is sought. Furthermore, having made the judicial determination that National Union and AIG's pre-2012 policies do not provide coverage for Pontchartrain's alleged damages, the insurers' duty to defend Texas Brine terminated as of this date of our judicial determination that the claims asserted pursuant to the pre-2012 policies are not covered. Claims for Texas Brine's defense costs incurred prior to this judicial determination are to be decided at another time, according to the district court's outline of the phases of trial. All costs of this appeal are assessed to Texas Brine Company, LLC.

**ALL EXCEPTIONS AND MOTIONS TO DISMISS DENIED; JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2018 CA 0254

PONTCHARTRAIN NATURAL GAS SYSTEM,
K/D/S PROMIX, L.L.C., AND
ACADIAN GAS PIPELINE SYSTEM

VERSUS

TEXAS BRINE COMPANY, LLC

**GUIDRY, J., dissents in part and assigns reasons.**

**GUIDRY, J., dissenting in part.**

I disagree with the portion of the majority opinion reversing the district court's denial of the motion for summary judgment relevant to Texas Brine's third-party claims for indemnity and defense and rendering judgment in favor of National Union and AIG, dismissing Texas Brine's claims against them under the pre-2012 policies.

Louisiana Code of Civil Procedure article 966(F) expressly states that "[a] summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time." The 2015 comments to that article further explain that the court may consider and even rule on issues raised by the parties in either the motion or opposition. Recent decisions of this court have held, however, that based on La. C.C.P. art. 966(F), it is improper for the trial court to consider and rule on an issue first raised in a reply memorandum. See Smith v. Moreau, 17-0003, p. 5 (La. App. 1st Cir. 6/2/17), 222 So. 3d 761, 765-66; Wilson v. Two SD, LLC, 15-0477, pp. 5-6 (La. App. 1st Cir. 12/23/15), 186 So. 3d 159, 162, writ denied, 16-0306 (La. 4/8/16), 191 So. 3d 588.

In their motion for summary judgment, the insurers requested summary judgment dismissing the *plaintiffs'* claims. In opposition, Texas Brine requested that

the court deny the motion for summary judgment. In neither the motion nor in the opposition did any party request the trial court to rule on whether a duty to defend was owed or the extent of that duty. Furthermore, while Texas Brine did raise the issue of the duty to defend in opposing the insurers' motion for summary judgment, it did not request the trial court to decide that issue in its opposition. Accordingly, it was not until the reply memorandum that National Union and AIG asserted that "[b]ecause the Third-Party Demand filed by Texas Brine Company, LLC ... is derivative of Plaintiffs' claims, summary judgment in favor of National Union and AIG Specialty is mandated on that claim as well." To the extent that this one statement in their reply memorandum attempts to expand the scope of their motion for summary judgment to also seek dismissal of Texas Brine's third-party claims, I believe that La. C.C.P. art. 966(F) and the law of this circuit prohibit such an expansion.

Therefore, because the issue of the duty to defend Texas Brine was not properly before the trial court pursuant to the summary judgment filed by National Union and AIG, I would vacate the portion of the trial court's judgment denying National Union and AIG's motion for summary judgment with respect to Texas Brine.

2

PONTCHARTRAIN NATURAL GAS SYSTEM, K/D/S PROMIX, L.L.C, AND ACADIAN GAS PIPELINE SYSTEM

2018 CA 0254

FIRST CIRCUIT

VERSUS

COURT OF APPEAL

TEXAS BRINE COMPANY, LLC

STATE OF LOUISIANA

---

**WELCH, J., concurs in part, dissents in part, and assigns reasons.**

**WELCH, J., dissenting in part.**

I agree that the grant of summary judgment dismissing the claims of Pontchartrain Natural Gas System, K/D/S Promix, L.L.C. and Acadian Gas Pipeline in the underlying litigation against some of Texas Brine's insurers was correct. I disagree, however, with the portion of the majority opinion that reverses the trial court's denial of the motion for summary judgment relevant to Texas Brine's third-party claims for indemnity and defense and rendering judgment in favor of those insurers, National Union Fire Insurance Company of Pittsburgh, Pa. and AIG Specialty Insurance Company, dismissing Texas Brine's claims against them. I respectfully dissent for the reasons assigned by Judge Guidry but write separately because I believe this decision sets forth a dangerous precedent which directly conflicts with La. C.C.P. art. 966.

First, and most importantly, Texas Brine was not listed in the motion for summary judgment as a party against whom the movers sought judgment. National Union and AIG moved for summary judgment against Pontchartrain Natural Gas System, K/D/S Promix, L.L.C. and Acadian Gas Pipeline National Union Fire Insurance Company of Pittsburgh, Pa., seeking dismissal of all claims asserted by those parties against the movers. No where is Texas Brine mentioned in the motion for summary judgment. Texas Brine made an appearance at the hearing to oppose the insurers' motion for summary judgment. Then, based on the

1

arguments made by Texas Brine in opposition to the insurers' motion, and based on arguments made by the insurers' in their reply memorandum, the trial court denied summary judgment on the insurers' motion that their pre-2012 polices do not provide coverage for plaintiffs' claims as to Texas Brine.

The majority correctly notes that La. C.C.P. art. 966(F) provides that "[a] summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time." My major concern, like Judge Guidry, however, is the majority's reliance on the 2015 Official Revision Comment (l) to La. C.C.P. art. 966, which provides, in part, "that, in deciding a motion for summary judgment, a court can consider only the issues raised in the motion or **opposition** filed by the parties." (Emphasis added.). Here, the majority reasons that since Texas Brine raised its third-party claims regarding indemnity and defense against the insurers in its opposition to the insurers' motion for summary judgment against Pontchartrain, K/D/S Promix, and Acadian Gas, and the insurers then argued they had no duty to indemnify or defend in their reply memorandum, that the trial court was correct to consider Texas Brine's third-party claims against the insurers on indemnity and defense in deciding the motion for summary judgment. In doing so, the majority reverses the trial court's judgment denying the insurers' motion for summary judgment relevant to Texas Brine's third-party claims for indemnity and defense, and dismissing Texas Brine's claims against the insurers, with prejudice. This holding is clearly wrong.

It is axiomatic that the comments to a statute are not law. **Ramirez v. Fair Grounds Corp.,** 575 So. 2d 811, 813 (La. 1991) (statements contained in the official comments are not part of the statute, have no legislative effect and are not binding on courts.). Furthermore, 2015 Official Revision Comment (l) to La. C.C.P. art. 966 is in direct conflict with the plain, unambiguous language of La. C.C.P. art. 966(F). The language of Article 966(F) prevails over the comment.

2

Allowing this precedent to stand would throw the prior jurisprudence regarding the interpretation of La. C.C.P. art. 966(F) into chaos. For these reasons, I respectfully dissent. I would reverse the trial court and this court's rulings on the issue of the dismissal of Texas Brine's third-party indemnity and defense claims with prejudice because Texas Brine was never a party to the original summary judgment, and a summary judgment adding an additional party and/or a new claim cannot be raised in an opposition memorandum nor a reply memorandum.