SHORTESS, Judge.
Louis Rogers (plaintiff) brought suit against Leo G. D’Aubin, Jack McDonald and Mrs. Rebecca G. McDonald (husband and wife), alleging that he was injured on or about July 6,1981, while working for the defendants. He sought worker’s compensation benefits for total and permanent disability. D’Aubin and the McDonalds filed separate motions for summary judgment, which were granted by the trial court, and plaintiff’s suit was dismissed. He has perfected this appeal. In ruling upon said motions, the trial court said:
“After a review of the pleadings, affidavits and other evidence on file in this matter, the Court is of the opinion that Louis Rogers was an independent contractor within the meaning of LSA-R.S. 23:1021 when he was performing reconstruction work for the McDonalds since a substantial part of the work he performed was not manual labor, and since the work being performed by him was not in the trade, business, or occupation of the McDonalds. Therefore, the Court finds that Mr. Rogers is excluded by law from the recovery of Workmen’s Compensation benefits, and that the motions for summary judgment presently before the Court have merit and should be granted.”
Numerous exhibits, and statements were attached to the defendants’ affidavits, as well as plaintiff’s countervailing affidavits. From the affidavits, we have been able to ascertain the following facts: On May 11, 1978, Robert Jack McDonald, then married to Nancy Quillen McDonald, sold his residence located at 6255 Jefferson Highway, Baton Rouge, to Leo Grant D’Aubin and his wife, Isabelle. Notwithstanding this sale, the McDonalds continued to reside at the Jefferson Highway address. On March 3, 1980, Robert J. McDonald perfected a handwritten agreement with Leo D’Aubin which can be characterized as an option to repurchase the property subject to several conditions. On January 1, 1981, Robert J. McDonald married Rebecca Goux McDonald. Prior to this marriage, on December 19, 1980, they entered into a premarital agreement and remained separate in property. Subsequently, on May 25, 1981, the residence located on Jefferson Highway was damaged. D’Aubin apparently received the proceeds from the damage claim but released same to Jack McDonald after he agreed to spend the entire sum on repairs. Whereupon, the McDonalds entered into an agreement with plaintiff to work[1] on the *1230 construction of the renovation and repairs for the sum of $300.00 a week. It was during the course of this work that plaintiff allegedly received his disabling injury.
Defendants’ affidavits and exhibits are intended to show that plaintiff was an independent contractor whose duties were such that he did not spend a substantial part of his work time in the performance of manual labor. Plaintiff’s countervailing affidavits put at issue whether or not a substantial portion of his time was devoted to physical labor on this job. Plaintiff’s affidavit sets forth numerous examples of manual labor performed by him on this job and creates a material issue of fact.
The Supreme Court in Lushute v. Diesi, 354 So.2d 179 (La.1977), had occasion to discuss an “independent contractor” as defined in the worker’s compensation law in La.R.S. 23:1021(6). In that case, the court found that the plaintiff was an independent contractor. It then considered whether he was an independent contractor entitled to receive worker’s compensation benefits under the provisions of La.R.S. 23:1021(6). It concluded that an independent contractor is covered only when a substantial portion of his work time is spent in manual labor in carrying out the terms of his contract with the principal, and the work performed by him is a part of the principal’s trade, business or occupation.
Jack McDonald’s affidavit indicated:
“that he is a realtor, actively engaged in the sale of real estate and more recently actively engaged in the selling of mineral royalties; that affiant knows very little about construction work and has never done such as a trade or occupation and has never been connected with construction work in any capacity whatsoever; that his wife, Rebecca G. McDonald, is an unemployed housewife who owned no interest in the subject property and was not the employer of Louis Rogers and is not connected with the construction business in any capacity whatsoever; that his wife, Rebecca G. McDonald, assisted affi-ant in the rebuilding and renovation of the subject property by running errands for the contractor, Louis Rogers as well as keeping records on the expenses of the construction project and, in order to be methodical in the keeping of said records, the said Rebecca G. McDonald opened a bank account entitled ‘R.S. Goux, Building Account’ and wrote checks therefrom for labor and materials as approved by Louis Rogers.”
Rebecca McDonald’s affidavit indicated:
“that she is an unemployed housewife, owning no interest in the subject property; that she was not an employer of Louis Rogers and is not involved in the construction business in any capacity whatsoever; that she was once married to Jerry Goux, who is a building contractor, from whom she was divorced in the year, 1977. That affiant assisted her husband, Jack McDonald, in the building and renovation of the subject property by running errands for Louis Rogers, as well as keeping records on the expenses of the project and in connection therewith she opened a bank account entitled ‘R.S. Goux Building Account’, and wrote all checks for labor and materials as approved by Louis Rogers, contractor; that after the construction and renovation was completed, said bank account was closed.”
In an attempt to rebut the McDonald allegations, plaintiff’s affidavit attested that Rebecca McDonald assisted her former husband, Jerry Goux, a general contractor, in his business for many years, and at the time the renovation project in question arose, she obtained the necessary permits from the City-Parish government and indicated thereon that she was the owner and contractor. As relates to Jack McDonald, plaintiff attested that the Louisiana Real Estate Commission had no record of McDonald being licensed as a realtor, broker or salesman. With regard to D’Aubin, plaintiff attested that:
“he was employed as a supervisory employee by Mr. and Mrs. Jack McDonald and/or Leo G. D’Aubin, on a renovation project of the residence at 6225 (sic) Jefferson Highway, Baton Rouge, Louisiana, *1231 occupied by Mr. and Mrs. Jack McDonald but owned by Leo G. D’Aubin.”
And further,
“the defendant, Leo G. D’Aubin, is a roofing Contractor and has been for many years; that Construction work is a part of his trade, business or occupation and that he actually performed the roofing repairs on the project in question. The said Leo G. D'Aubin came by the project on a regular basis to monitor the progress of the renovation.”
In considering a motion for summary judgment, we are quite mindful of the firmly established principle of law that every doubt must be resolved against the mover. The record in this case establishes that plaintiff, for the sum of $300.00 per week, performed work on the renovation and repairs of the residence occupied by the McDonalds but owned by D’Aubin. The record also indicates that D’Aubin is a roofing contractor and has been such for many years, and that construction work is part of his trade, business or occupation. The facts which are in dispute here include: the exact nature of the plaintiff’s employment status; the nature of plaintiff’s work, i.e., whether manual or supervisory or a combination; whether, if it included manual labor, it was a substantial portion of his work; the nature of Jack McDonald’s trade, business, or occupation; the nature of Rebecca McDonald’s trade, business or occupation.
We are faced here with a record which places issues of material fact squarely before the court as to whether plaintiff was an independent contractor; whether a substantial part of his work time was spent at manual labor, and whether said work was part of his principals’ trade, business or occupation.
We find that the trial court erred, and that these motions for summary judgment should have been denied. We do so now, and we reverse and remand this case to the trial court for further proceedings consistent with this opinion. Costs of this appeal are taxed to D’Aubin and the McDonalds.
REVERSED AND REMANDED.

. Plaintiffs capacity is in dispute. He claims he worked as a supervisory employee for the renovations. The McDonalds claim he was hired as the contractor for the renovations.