CRAIN, J.
|2In this .suit alleging defects in a residential construction, the plaintiffs appeal a summary judgment granted in favor of the commercial general liability insurer of the general contractor. We reverse and remand.
FACTS
In February 2011, Glenn and Sandra Wilson entered a contract'with L.A.A.K.E. Quality Homes, LLC for the construction of a house. Although the contract was with L.A.A.K.E., the record"-indicates that another entity, Two SD, LLC, acted as the general contractor for the project. After the house was completed, the Wilsons filed the present suit alleging certain defects in the design and construction of the residence.[1] The defendants include Two SD and Gemini Insurance Company, an insurer that issued a commercial general liability insurance policy to Two SD but denied coverage for the Wilsons’ claims.
Gemini filed a motion'for summary judgment on the basis that “the alleged damages did not manifest during Gemini’s policy period.” Gemini asserts that the policy issued to Two SD was in effect from June 23, 2010, through May 9, 2011, at which time it was canceled due to non-payment of premiums. According to'Gemini, the damages manifested after ■ May 9, 2011, because the Wilsons allege in their petition that they began noticing irregularities in the home after they took occupancy in June 2011. Relying on those allegations, Gemini maintains that the alleged property damage manifested after the Gemini policy period and, therefore, is not covered under the policy.
The Wilsons. opposed the motion with numerous exhibits, including affidavits and deposition excerpts that establish the following. All aspects of the 13construction of the house were completed before May 9, 2011, purportedly the last day of the Gemini policy period. During the construction and after several days of rain, Mr. Wilson noticed water dripping inside the house near the front dining room and the back porch, which is located beneath an exterior balcony. At that time, the roof had been constructed but hot yet shingled, so Mr. Wilson did not mention the water intrusion to anyone. However, after the shingles were installed but before' placement of the sheetrock, Mr. Wilson noticed standing water on the cement slab in this same area. Mr. Wilson discussed the water with Kris Clark, a- representative of Two SD, who informed Mr. Wilson that the roof had á leak that would be fixed before the sheetrock was installed. On another occasion, closer to the conclusion of the construction, Mr. Wilson noticed water coming from behind a wall near thé frpnt door. After Mr. Wilson .reported the problem, Two SD sent workers who resealed the joint between the two walls in that area. Mr. Wilson also noticed that the concrete driveway adjacent to the house held water from the first day it was poured. Although he did not state the specific date that these events occurred, Mr. Wilson did confirm that all of them occurred during the construction process, which was- within the Gemini policy period.
*161 A few months after moving. into the home, the Wilsons began noticing more problems, including buckling of the wood flooring in the dining room and discoloration of the ceiling below the second-floor balcony. Upon further investigation, Mr. Wilson discovered water damage to the floor. After- reporting these problems to Two SD and L.A.A.K.E. and receiving no response, the Wilsons repaired some of the areas themselves and retained third-parties to attempt to repair other items. After these efforts, three problem areas remained unresolved: (1) a leak in the roof and wall over the dining room, (2) drainage from the second floor |4balcony that flowed toward the residence, and (3) standing water and cracks in the concrete driveway.
The Wilsons retained an architect, Neal Johnson, who inspected the home and identified several deficiencies in the construction that caused or contributed to the water intrusion. In opposition to the motion for summary judgment, the Wilsons submitted multiple affidavits from Johnson, along with his written report, which was attached to one of his affidavits and incorporated therein by reference. According to Johnson, a valley in the roof over the dining room terminates about twenty inches from the outside corner of a masonry wall, resulting in more than half of the rainwater in that area flowing directly into the masonry wall. Johnson observed damage to the wood framing and sheathing material of the exterior load bearing wall and damage to all adjacent interior finishes in that area. The exterior balcony, according to Johnson, has a negative slope, meaning it slopes towards the wall of the adjacent interior room. This results in water intrusion that hás caused major damage to the balcony floor structure and some damage to the floor joists of the adjacent room. The defects in the concrete driveway observed by Johnson include improper drainage, insufficient thickness of the concrete, and an apparent lack of reinforcing wire mesh. According to Johnson, the damage resulting from the water intrusion into the home “has and still occurs virtually every time it rains.” In a reply memorandum, Gemini claimed, for the first time, that coverage was not provided by its policy because of certain exclusions, arguing, “Even if the water damage manifested during, the Gemini policy period, there is still no coverage for that damage due to the application of Exclusion J(6) and Exclusion K.” The identified exclusions pertain to property damage to the insured’s “work” or “product” and, along with other related exclusions, have often been referred to as the “work product” exclusions. See Veuleman v. Mustang Homes, LLC, 13-190 |R(La.4/5/13), 110 So.3d 572, 573; Supreme Services and Specialty Co., Inc. v. Sonny Greer, Inc., 06-1827 (La.5/22/07), 958 So.2d 634, 639-41.
At the hearing of the motion for summary judgment, the trial court agreed that the work product exclusions precluded coverage for the Wilsons’ claims, and the court granted summary judgment on that basis. A judgment was .signed thereafter that dismissed the claims against Gemini “on the basis that Exclusion J(6) in the Gemini policy excludes all coverages for the damages sought by plaintiffs in this lawsuit.” The judgment further awarded all costs and attorney fees to Gemini. The Wilsons appeal and assert that the trial court erred in its application of the work product exclusions and by awarding attorney fees.
DISCUSSION
A motion for summary judgment shall be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion *162 for summary judgment, show that there is no genuine issue as to material fact, and that t,he mover is entitled to judgment as a matter .of law. La.Code Civ. Pro. art. 966 B(2). In determining whether summary judgment is appropriate, appellate, courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. In re Succession of Board, 13-1717 (La.App. 1 Cir. 6/6/14), 147 So,3d 753, 759-60.
Particularly important in the present case is the statutory mandate that a “summary judgment may be rendered or affirmed only as to those issues set foHh in the motion under consideration by the court at that time.” La.Code Civ. Pro. art. 966 F(l) (emphasis added). The motion for summary judgment filed on ’behalf of Gemini is narrowly drafted and identifies only the .following issue for consideration:
| fi[T]here is no coverage under the Gemini policy for the claims made by plaintiffs in this case because the alleged damages did not manifest during Gemini’s policy period. '
The motion then references the attached insurance policy and the notice of cáncellation, and concludes with a'prayer that all claims against Gemini be dismissed.
The motion does not assert, either directly or indirectly by reference to an incorporated memorandum, that the issués under consideration include whether the work product exclusions apply to the claims of the Wilsons. That issue was first raised by Gemini in a reply memorandum that apparently was provided to the trial court and opposing counsel only a few days before the hearing, and was actually file-stamped two days after the hearing. Because Gemini’s motion for summary judgment did not address the application of the work product exclusions to the Wilsons’ claims, the trial court erred in granting summary- judgment on" that basis. See La.Code Civ. Pro. art. 966 F(l); McGrew v. Waguespack, 14-0251 (La.App. 1 Cir. 12/30/14), 168 So.3d 690, 695; Robertson v. Doug Ashy Building Materials, Inc., 10-1547 (La.App. 1 Cir. 10/4/11), 77.So.3d 323, 336, writ denied, 11-2468 (La.1/13/12), 77 So.3d 972; Landry v. Allstate Property & Casualty Insurance Co., 15-513 (La.App. 3 Cir. 11/4/15), 177 So.3d. 1099. For this reason,-the summary judgment dismissing the Wilsons’ claims against Gemini-is reversed. ’’
The Wilsons also assert that the trial court erred in awarding attorney fees to Gemini. Under Louisiana law, an award of attorney fees is not allowed unless authorized by contract or statute.. See State, Department of Transportation and Development v. Wagner, 10-0050 (La.5/28/10), 38 So.3d 240, 241; Anglin v. Anglin, 09-0844 (La.App, 1 Cir. 12/16/09), 30 So.3d 746, 751. No contract or statute authorized the award of attorney fees, in the subject summary judgment, and 17,Gemini has acknowledged on appeal that the award was improper. The .trial court erred in awarding attorney .fees to Gemini, and that award is also reversed.
CONCLUSION
■The summary judgment signed on November- 18, 2014, dismissing all claims of the plaintiffs and awarding attorney fees to Gemini Insurance Company; is reversed. All costs of this appeal are assessed to Gemini Insurance Company, and ■this matter is remanded for further proceedings.[2]
REVERSED AND REMANDED.
HIGGINBOTHAM, j., concurs.

. The claims by the Wilsons based upon alleged defects in the construction plans 'were dismissed by a judgment that is the subject of a companion appeal decided this same date. See Wilson v. Two SD, LLC, 15-0959 (La.App. 1 Cir. 12/23/15), 186 So.3d 103.

. We note that in Robertson, after reversing the summary judgment granted on an issue not contained in the motion, the appellate court considered the merits of the issue that was contained in the motion. See Robertson, 11 So.3d at 336-37; In the present case, the issue contained in the motion for summary judgment — whether the damages manifested during the Gemini policy period-^-jvas not specifically addressed by the trial court, and the parties have not briefed or otherwise asserted that issue in this court. Under these particular circumstances, we elect not to address the issue contained in the motion and remand the matter to the trial court for further proceedings.