CRAIN, J.
| gThe plaintiff, Kristopher Smith, appeals a summary judgment dismissing his claims against Canal Indemnity Company. We reverse and remand.
FACTS AND PROCEDURAL HISTORY
Smith alleges- he was injured while working at Moreau’s Material Yard, LLC. He sued Moreau’s and its owner, Ricky Moreau,-'as well as their commercial general liability insurer, Canal, alleging the accident was caused by the negligence of Moreau’s and Ricky. At the time of the accident,. Smith had worked at Moreau’s for about two weeks. The nature of his employment is the central issue in this ap.-peal.
Canal filed a motion for summary judgment contending Smith’s claims were not covered under its policy because of two exclusions: a “workers’ compensation” exclusion, applicable to any claim covered by the.workers’ compensation act; and an “employee-injury” exclusion, applicable to injuries suffered by an employee of the insured.in the course of his employment. In support of its motion, Canal introduced several exhibits, including an affidavit signed by Ricky Moreau attesting Smith was hired by Moreau’s to perform manual labor, which included sandblasting aiid repainting a truck scale. According to the affidavit, Smith was paid by the hour, and his work was directed and controlled by Ricky, who had the authority to dismiss Smith.
•In opposition to the motion, Smith argued his claim did not fall within either exclusion because .he was an independent contractor.. Smith testified in his deposition, which was submitted with his opposition, that he. was hired during the summer to sandblast,, paint, and weld the truck scale. His work was confined to refurbishing the scale, except on one occasion when he cut the grass around the Lscale. Smith controlled his schedule, was not supervised, and was paid $100 cash for each day he worked. He originally intended to work until school started in the fall, but the job was cut short by the accident about two weeks after he started.
Smith also introduced Ricky’s deposition. Contrary to Smith’s testimony, Ricky described Smith’s job more ás a general laborer, stating Smith swept, cleaned, and generally assisted other employees in addition to working on the scale. When Smith worked on the scale, according' to Ricky, he and Smith worked together, essentially side by side, alternating turns handling the equipment.
Shortly before the hearing on the motion, Canal filed a reply memorandum asserting that if Smith was an independent contractor, coverage was barred by another exclusion in, the policy applicable to independent contractors. This was the first mention of the independent contractor exclusion; it was not asserted in the motion for summary judgment or the supporting memorandum .filed therewith.
*765 The motion proceeded to a hearing where the trial court ruled in favor of Canal, stating:
The question is whether Mr. Smith was an employee ... or was he an independent contractor? And was there coverage under the Canal policy under either circumstance? With regard to the Canal policy, it excludes coverage for [independent] contractors and of course, also excludes coverage for employees where [their] claims are' subject to workers’ compensation, Mr. Smith is obviously one or the other .... So the motion for summary judgment filed by Canal is granted.
A judgment was signed on September 20, 2016, granting Canal’s motion for summary judgment and dismissing with prejudice Smith’s claims against the insurer. Smith appeals.[1]
DISCUSSION
|4A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. Code Civ. Pro. art. 966A(3). If the mover will bear the burden of proof at trial on the issue before the court in the motion, the burden of showing there is no genuine issue of material fact remains with the mover. See La. Code Civ. Pro. art. 966D(1); Rider v. Ambeau, 11-0532 (La.App. 1 Cir. 2/1/12), 100 So.3d 849, 854. When a motion' is made and properly supported, an adverse party may not rest on the mere allegations or denials of his pleading; his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. See La. Code Civ. Pro. art. 967B.
Summary judgment may be rendered on the issue of insurance coverage alone, although there is a genuine issue as to liability or damages. See La. Code Civ. Pro. art. 966E; Simmons v. Weiymann, 05-1128 (La.App. 1 Cir. 8/23/06), 943 So.2d 423, 425. Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy under which coverage could be afforded when applied to the undisputed material facts shown by the evidence supporting the motion. Rider, 100 So.3d at 854. An insurer seeking to avoid coverage through summary judgment bears the burden of proving some exclusion applies to preclude coverage. Lewis v. Jabbar, 08-1051 (La.App. 1 Cir. 1/12/09), 5 So.3d 250, 254. In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination | Bof whether summary judgment is appropriate. In re Succession of Beard, 13-1717 (La.App. 1 Cir. 6/6/14), 147 So.3d 753, 759-60.
A summary judgment may be rendered or affirmed “only as to those issues set forth in the motion under consideration by the court at that time.” See La. Code Civ. Pro. art. 966F. Canal’s motion seeks a dismissal of Smith’s claims based upon two exclusions in its policy: the workers’ compensation exclusion and the employee-injury exclusion. Canal makes no mention anywhere in its motion or the supporting memorandum filed therewith that coverage is barred by a separate exclusion applicable to independent contractors. That *766 provision was raised for the first time in a reply memorandum filed shortly before the hearing. Because the motion for summary judgment did not assert the independent contractor exclusion, the trial court erred to the extent it relied upon that provision in rendering summary judgment. See Wilson v. Two SD, LLC, 15-0477 (La.App. 1 Cir. 12/23/15), 186 So.3d 159, 162, writ denied, 16-0306 (La. 4/8/16), 191 So.3d 588 (holding trial court erred in rendering summary judgment based on an exclusion first asserted by insurer in a reply memorandum).
Our review is limited to whether summary judgment is appropriate based on the two exclusions set forth in Canal’s motion. In relevant part, the employee-injury exclusion applies to bodily injury to “[a]n ‘employee’ of the Insured arising out of and in the course of ... [employment by the Insured.” The workers’ compensation exclusion applies to “[a]ny obligation of the Insured under a workers’ compensation [law].” Although the provisions are similar in scope, the employee-injury exclusion extends to all employees who suffer work-related injuries, including those not covered under the workers’ compensation act. See Davis v. Oilfield Scrap and Equipment Company, Inc., 503 So.2d 674, 676 (La. App. 3 Cir. 1987).
 Canal’s policy contains a limited definition of “employee” that provides the term “includes a ‘leased worker’ [but] does not include a ‘temporary worker.’”[2] Absent a more specific policy definition, “employee” should be given its ordinary and usual meaning when interpreting this exclusion. See Doucet v. Darwin Select Insurance Company, 16-1989 (La. 2/3/17), 210 So.3d 794, 796-97 (per curiam); Savoie v. Fireman’s Fund Insurance Company, 347 So.2d 188, 191 (La. 1977).[3] Understood in its common and usual sense, the term signifies one who is a party to an employment contract, express or implied. See Savoie, 347 So.2d at 191.
In determining whether a person is an “employee” under the exclusion, the court may consider factors used to determine employment status in other contexts. See Savoie, 347 So.2d at 191. Generally, although courts look to the totality of the circumstances, the most important factor in determining whether an employment relationship exists is the principal’s right of control and supervision over the individual. See Savoie, 347 So.2d at 191; Bouquet v. Williams, 16-0134 (La.App. 1 Cir. 10/28/16), 206 So.3d 232, 237, writs denied, 16-2077, 162082 (La. 1/9/17)214 So.3d 870, 871; Butler v. Boutan, 14-1058 (La.App. 1 Cir. 12/23/14), 168 So.3d 501, 505. When, as here, the issue is whether the worker is an independent contractor or an employee, the court should also consider if (1) a valid contract exists between the parties; (2) the work is of an independent nature; (3) the contract allows for the work to be done according to the contractor’s own methods, 17without being subject to control and direction, except as to the result of the services to be rendered; (4) a specific price for the overall undertaking is agreed upon; and (5) the duration of the work is for a specific time and not subject to termination at the will of either party. See Hickman v. Southern Pacific Transport Company, 262 La. 102, 117, 262 So.2d 385, 390- *767 91 (1972); Bouquet, 206 So.3d at 237. The distinction between an employee and an independent contractor is a factual determination that must be decided on a case-by-case basis. Tower Credit, Inc. v. Carpenter, 01-2875 (La. 9/4/02), 825 So.2d 1125, 1129; Fonseca v. City Air of Louisiana, LLC, 15-1848 (La.App. 1 Cir. 6/3/16), 196 So.3d 82, 87.
The evidence bearing on these factors, particularly the independent nature of the work and the right of control and supervision, is conflicting. Smith testified he was hired to refurbish the truck scale, which involved sandblasting, painting, and welding. According to Smith, he set his own schedule, was not supervised while he worked, and was paid in cash on a weekly basis. Ricky acknowledged Smith was the only worker paid in cash; all other personnel were “on payroll.” However, Ricky provided a significantly different description of Smith’s work and supervision. He testified Smith did not work exclusively on the truck scale; instead he was hired as a “helper” to do “whatever we needed” and was told what to do each day. Smith’s work included “sweeping and cleaning, picking tools up .... [J]ust giving the other guys a hand. Just anything. Maybe changing some tires or something.” When Smith worked on the scale, he and Ricky worked together, with Ricky directing the work.
While Smith describes work of an independent nature, with little to no supervision or control by another, Ricky’s testimony depicts work that is more typical of a general laborer subject to significant supervision and control. These Iscontradictions in the evidence present genuine issues of material facts pertinent to the determination of whether Smith was an employee or an independent contractor. Summary judgment on the basis of the employee-injury exclusion is thus improper. See Robicheaux v. Tate, 13-0176 (La. 4/1/13), 110 So.3d 134 (genuine issues of material fact precluded summary judgment as to whether party was an employee or independent contractor); Fonseca, 196 So.3d at 89 (factual questions concerning extent and nature of working relationship required reversal of summary judgment declaring repairman to be an independent contractor). The trial court erred to the extent it relied on that provision in granting summary judgment.
Canal argues that even if factual questions remain as to whether Smith was an employee or an independent contractor, coverage is still precluded by the workers’ compensation exclusion. That exclusion, according to Canal, applies because Smith was either an employee of Moreau’s, or he was an independent contractor who performed “manual labor,” both of which are covered under the act.
The workers’ compensation act extends to independent contractors if “a substantial part of the work time of [the] independent contractor is spent in manual labor by him in carrying out the terms of the contract.” See La. R.S. 23:1021(7). Although the act does not define “manual labor,” our courts have consistently interpreted the phrase to mean work where the physical elements of the labor predominate over the mental elements. See Riles v. Truitt Jones Construction, 94-1224 (La. 1/17/95), 648 So.2d 1296, 1300; Courtney v. Fletcher Trucking, 12-0434 (La.App. 1 Cir. 12/21/12), 111 So.3d 411, 417. Manual labor may include jobs requiring a particular skill; a person should not be precluded from receiving worker’s compensation solely because his physical effort is skilled and therefore |flsuperior to the effort of other workers. See Riles, 648 So.2d at 1300. The “substantial part” requirement is. liberally construed and is not determined by the use of mathematics. See Riles, 648 So.2d at 1300; Courtney, 111 *768 So.3d at 417, “Substantial” may be less than 50% and is simply the contrary of “insubstantial or immaterial,” Riles, 648 So.2d at 1300. Whether a substantial; part of one’s job involves manual labor is a factual determination addressed on a case-by-case basis. See Courtney, 111 So.3d at 417; Coleman v. Landstar Ranger, 03-1943 (La.App. 1 Cir. 6/25/04), 886 So.2d 472, 473.
While Canal makes a persuasive argument that Smith’s work, even by his own description, satisfies these requirements, Canal’s burden of proof does not end there. To establish coverage under the act, Canal must also prove Smith’s work was a part of Moreau’s trade, business, or occupation. See Lushute v. Diesi, 354 So.2d 179, 182 (La. 1977); Rogers v. D’Aubin, 434 So.2d 1228, 1230-31 (La. App. 1 Cir. 1983). This additional requirement, as explained in Lushute, is collectively required by Louisiana Revised Statute 23:1021(7), which contains the manual labor exception for an independent contractor, and Louisiana Revised Statute 23:1061, which governs a statutory employer’s liability to employees of a “contractor” who perform work “which is a part of the [statutory employer’s] trade, business, or occupation.” Construing these provisions together, the court found:
The obvious purpose of extending compensation coverage to an independent contractor under the circumstances described’ in [Section 23:1021(7) ] was to prevent an employer from avoiding liability under the act by contracting with an independent contractor for the execution of work undertaken by the employer which was part of the employer’s trade, business or occupation ....
We therefore conclude that an independent contractor is covered under the workmen’s compensation law only when a substantial part of his work time is spent in manual labor in carrying 1 inout the terms of his contract with the principal and the work performed by him is a part of the principal’s trade, business or occupation.
Lushute, 354 So.2d at 182 (emphasis added).[4]
Work is considered “part” of the principal’s trade, business, or occupation if “it is an integral part of or essential to the ability of the principal to generate that individual principal’s goods, products, or services.” See La. R.S. 23:1061A(1) This determination is based on the facts of each case. See Insurance Company of North America v. Gaylord Container Corporation, 99-0904 (La.App. 1 Cir. 6/23/00), 764 So.2d 1214, 1217; Steinfelds v. Villarubia, 10-0975 (La.App. 4 Cir. 12/15/10), 53 So.3d 1275, 1282, writ not considered, 11-0137 (La. 3/4/11), 58 So.3d 466.
The parties introduced limited evidence of Moreau’s products or services, and even less evidence of what work is an integral part or essential to the business’s ability to generate those products or services. Ricky *769 described the company as a “[trucking business” that sells limestone, dirt, gravel, and sand. A scale is used to weigh trucks hauling certain types of materials before they leave the business to determine the size of the load. The scale that Smith worked on, however, was not in use. Ricky purchased it with the intention of putting the scale to some future use in the business after refurbishing it. When the refurbishing was ultimately completed, Ricky “leased it out to somebody.” Ricky did not specify h-whether he leased the scale in his personal capacity or on behalf of Moreau’s, and no further evidence was introduced concerning the lease or the nature and scope of Moreau’s business.
The record is silent as to whether the scale was ever actually used in Moreau’s business. Without more evidence of the nature of that business and the manner or extent to which the subject scale was used therein, we are unable to determine if Smith’s work on the scale was “an integral part of or essential to” Moreau’s ability to generate its goods, products, or services.[5] Thus, for purposes of the motion for summary judgment, Canal failed to satisfy its burden of proving the workers compensation exclusion applies to Smith’s claim. The trial court erred in relying on that provision to grant summary judgment.
For all of the foregoing reasons, the trial court erred in granting summary judgment in favor of Canal. See Rogers, 434 So.2d at 1231 (reversing summary judgment based on issues of material fact “as to whether plaintiff was an independent contractor, whether a substantial part of his work time was spent at | ^manual labor, and whether said work was part of his principals’ trade, business or occupation”).
CONCLUSION
The September 20, 2016 judgment is reversed, and this matter is remanded for further proceedings. Costs of this appeal are assessed to Canal Indemnity Company.
REVERSED AND REMANDED.

. At the same hearing, the trial court denied a motion for summary judgment filed on behalf of Moreau’s and Ricky, finding issues of fact as to whether Smith’s claim was covered by the workers’ compensation act. That ruling is not under review in this appeal.

. Although Smith argues he qualifies as a "temporary worker,” we pretermit consideration of this argument in light of our findings herein.

. For examples of more expansive policy definitions of ‘‘employee,” see Eads v. Chartis Specialty Insurance Co., 13-224 (La.App. 3 Cir. 2/26/14), 133 So.3d 722, 728; Spell v. Mallett, Inc., 06-1477 (La.App. 3 Cir. 5/2/07), 957 So.2d 262, 266.

. One commentator suggests the test for manual labor by an independent contractor should be the less rigorous standard of Louisiana Revised Statute 23:1035A, which extends the act’s coverage to services "arising out of and incidental to [one’s] employment ... in the course of his employer's trade, business, or occupation.” (Emphasis added). See Johnson, 13 Louisiana Civil Law Treatise, Workers’ Compensation Law and Practice § 78-(5th Ed.). However, Lushute remains controlling authority and expressly held the independent contractor’s manual labor must be "part" of the principal’s trade, business, or occupation under Section 23:1061. See Lushute, 354 So.2d at 182; see also Johnson v. Clark, 97-1351 (La.App. 3 Cir. 3/6/98), 710 So.2d 316, 320, writ denied, 98-0897 (La. 5/15/98), 719 So.2d 464 ("While [Lushute’s ] approach has been questioned as having no statutory support, the courts have continued to follow this precedent essentially without deviation,”)

. Cf. Lushute, 354 So.2d at 183 (repairman's work was not a part of the restaurant’s business but was merely incidental thereto, where properly functioning air-conditioning system was not necessary to the operation of the restaurant); Jackson v. St. Paul Insurance Company, 04-0026 (La.App. 1 Cir. 12/17/04), 897 So.2d 684, 688-89, writ denied, 05-0156 (La. 3/24/05), 896 So.2d 1042 (where it would be “virtually impossible" for chemical company to process products without the facility, the construction of a fractionation plant was part of company's business); Prince v. Baton Rouge General Hospital, 449 So.2d 90, 94 (La. App. 1 Cir.), writ denied, 450 So.2d 966 (La. 1984) (providing sitters for patients was not part of nursing home’s business); Bellard v. Castille, 99-1161 (La.App. 3 Cir. 12/8/99), 759 So.2d 789, 794, writs denied, 00-0069, 000071 (La. 2/25/00), 755 So.2d 886, 887 (painting owner’s private residence was not part of owner’s apartment leasing business); Maldonado-Mejia v. Eversound Kitchen & Bath, LLC, 15-0859 (La.App. 4 Cir. 4/20/16), 194 So.3d 1136, 1142-44, writ denied, 16-0963 (La. 9/6/16), 205 So.3d 914 (where defendant was in business of selling and installing cabinets and counter-tops, removing furnishings and other property in the course of vacating its business premises was not part of its business); Garrett v. Adcock Construction Co., 13-0134 (La.App. 4 Cir. 8/14/13), 122 So.3d 1134, 1142 (refinishing furniture was not part of hotel owner’s business); Steinfelds, 53 So.3d at 1284 (where building was oceupied and rented for commercial use, repair and renovation of building was part of building owner’s business).