# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2019 CA 1083

## COLLEEN H. DAIGREPONT

## VERSUS

## SHARDAN, INC. D/B/A SOUTHSIDE CAFE

*DATE OF JUDGMENT:*     OCT 1 4 2020

ON APPEAL FROM THE TWENTY-SECOND JUDICIAL DISTRICT COURT
NUMBER 2018-10622, DIVISION A, PARISH OF ST. TAMMANY
STATE OF LOUISIANA

HONORABLE RAYMOND S. CHILDRESS, JUDGE

* * * * * *

Anthony L. Glorioso
Gretna, Louisiana

Melissa M. Lessell
Denia S. Aiyegbusi
Matthew T. Biggers
New Orleans, Louisiana

Counsel for Plaintiff-Appellant
Colleen H. Daigrepont

Counsel for Defendants-Appellees
Shardan, Inc. d/b/a Southside Cafe
and XL Insurance America, Inc.

* * * * * *

BEFORE: McDONALD, WELCH, THERIOT, CHUTZ, AND PENZATO, JJ.

Disposition: **REVERSED AND REMANDED.**

**CHUTZ, J.**

Plaintiff, Colleen H. Daigrepont, appeals a summary judgment dismissing her personal injury claims against defendants, Shardan, Inc., d/b/a Southside Cafe (Southside Cafe) and XL Insurance America, Inc. (XL Insurance).[1] For the following reasons, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

Southside Cafe is located directly on the route of several Mardi Gras parades in Slidell, Louisiana. On February 19, 2017, plaintiff and her boyfriend entered Southside Cafe to purchase two beers. They intended to take the beers with them as they walked outside to watch the parade. After being inside only a few minutes, they exited the cafe at approximately 1:30 to 2:00 p.m. They walked across the patio area located directly outside the cafe in a different direction than the one by which they had entered. The patio was elevated several inches above the parking lot. Plaintiff tripped and fell when she failed to notice the step-down/curb from the patio to the adjacent parking lot. She allegedly sustained physical injuries as a result of the fall.

Plaintiff filed this personal injury suit against Southside Cafe on February 7, 2018. XL Insurance, Southside Cafe's insurer, was added as an additional defendant by amended petition. On October 26, 2018, defendants filed a motion for summary judgment on the basis that plaintiff would be unable to sustain her burden of establishing negligence. Specifically, defendants argued Southside Cafe owed no duty to plaintiff because the alleged hazardous condition was open and obvious. After plaintiff filed an opposition to the motion for summary judgment, defendants fax-filed a reply memorandum shortly before the scheduled motion hearing. In the reply memorandum, defendants asserted for the first time that

---

[1] XL Insurance is also variously referred to in the record as KL Insurance America, Inc. and XL America, Inc.

plaintiff also would be unable to prove that Southside Cafe had prior notice of the alleged defect, an essential element of her claim.

At the February 14, 2019 summary judgment hearing, plaintiff made an oral motion to strike defendants' reply memorandum on the ground it was untimely. The district court denied the motion to strike. At the conclusion of the hearing, the district court granted defendants' motion for summary judgment. In its oral reasons, the district court concluded there was no evidence indicating Southside Cafe ever had notice of the alleged hazardous condition. The district court also made some ambiguous remarks that may indicate the summary judgment was also granted on the basis that the condition complained of was not unreasonably dangerous since it was open and obvious. Regardless, plaintiff thereafter filed a motion for new trial, which the district court denied following a hearing. Plaintiff now appeals, arguing summary judgment was inappropriate due to the existence of genuine issues of material fact regarding whether the condition at issue presented an "unreasonable risk of harm" or was "open and obvious."

## SUMMARY JUDGMENT

A motion for summary judgment shall be granted only if the motion, memorandum, and supporting documents admitted for purposes of the motion for summary judgment show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3) & (4). In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the district court's determination of whether summary judgment is appropriate. *Alvarado v. Lodge at the Bluffs, L.L.C.,* 16-0624 (La. App. 1st Cir. 3/29/17), 217 So.3d 429, 432, writ denied, 17-0697 (La. 6/16/17), 219 So.3d 340. All reasonable inferences that may be drawn from the record are to be viewed in the light most favorable to the non-

3

movant. All doubts should be resolved in the non-moving party's favor. *Hines v. Garrett*, 04-0806 (La. 6/25/04), 876 So.2d 764, 765.

The burden of proof rests with the mover. However, if the mover will not bear the burden of proof at trial on the matter before the court on the motion, the mover's burden does not require that all essential elements of the adverse party's claim, action, or defense be negated. Instead, the mover must point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1).

Thereafter, if the adverse party fails to produce factual evidence sufficient to establish the existence of a genuine issue of material fact, the mover is entitled to summary judgment as a matter of law. La. C.C.P. art. 966(D)(1); *Alvarado,* 217 So.3d at 432. A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Hines*, 876 So.2d at 765-66. Because it is the applicable substantive law that determines materiality, whether a particular issue in dispute is material can be seen only in light of the substantive law applicable to the case. *Minix v. Pilot Travel Centers, LLC*, 18-1197 (La. App. 1st Cir. 5/31/19), 277 So.3d 810, 813, writ denied, 19-1074 (La. 10/8/19), 280 So.3d 149.

## APPLICABLE LAW

Since they are not insurers of their customers' safety, merchants[2] are not absolutely liable every time an accident happens. *Primeaux v. Best Western Plus Houma Inn*, 18-0841 (La. App. 1st Cir. 2/28/19), 274 So.3d 20, 28. However, a merchant does owe a duty to persons using his premises to exercise reasonable care

---

[2] Louisiana Revised Statutes 9:2800.6(C)(2) defines a merchant as "one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business."

4

to keep such premises in a reasonably safe condition. La. R.S. 9:2800.6(A). The absence of an unreasonably dangerous condition implies the absence of a duty on the part of the merchant. *Primeaux*, 274 So.3d at 28.

In order to prove a merchant is liable for damages sustained as a result of a fall due to a condition that existed in or on the merchant's premises, a plaintiff must prove: (1) the existence of a condition that presented an unreasonable risk of harm that was reasonably foreseeable; (2) the merchant either created the condition or had actual or constructive notice of the condition prior to the occurrence; and (3) the merchant failed to exercise reasonable care. La. R.S. 9:2800.6(B); *Primeaux*, 274 So.3d at 28. Failure to prove any one of these requirements is fatal to a plaintiff's case. *Id.*

## DISCUSSION

In this case, the district court granted the motion for summary judgment, at least partially, on the basis of lack of notice. This issue was not raised in defendants' motion for summary judgment or supporting memorandum. Defendants raised the notice issue for the first time in their reply memorandum.

Louisiana Code of Civil Procedure article 966(F) expressly states that "[a] summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time." Further, 2015 Comment (1) to Article 966 explains that the article "makes clear that, in deciding a motion for summary judgment, a court can consider **only** the issues raised in the motion or opposition filed by the parties." (Emphasis added.) Based on Article 966(F), this court has held it is improper for a district court to consider and rule on an issue raised for the first time in a reply memorandum. See *Smith v. Moreau*, 17-0003 (La. App. 1st Cir. 6/2/17), 222 So.3d 761, 765-66; *Wilson v. Two SD. LLC*, 15-0477 (La. App. 1st Cir. 12/23/15), 186 So.3d 159, 162, writ denied. 16-0306 (La. 4/8/16), 191 So.3d 588. Accordingly, the district court legally erred to the extent it

5

considered and rendered summary judgment on the basis there was no evidence Southside Cafe had notice of the alleged hazardous condition. Because the sole basis of defendants' motion for summary judgment was that the condition complained of was open and obvious and, therefore, not unreasonably dangerous, our *de novo* review is limited to that issue. See *Smith*, 222 So.3d at 766.

In order to prove a merchant is liable for damages sustained as a result of a fall due to a condition that existed in or on the merchant's premises, a plaintiff must prove the existence of a condition that presented an unreasonable risk of harm that was reasonably foreseeable.[3] La. R.S. 9:2800.6(B); *Primeaux*, 274 So.3d at 28. Courts have adopted a four-part risk-utility balancing test to determine whether a condition is unreasonably dangerous. This test requires consideration of: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, which includes the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of their social utility or whether they are dangerous by nature. *Primeaux*, 274 So.3d at 28.

The second prong of the risk-utility balancing test focuses on whether the defective condition is obvious and apparent, or as it has come to be commonly known, "open and obvious." Generally, a defendant does not have a duty to protect against an open and obvious condition or hazard. In order for a defect or hazardous condition to be considered open and obvious, the danger created by that defect or condition must be apparent to all, *i.e.*, to everyone who may potentially encounter it. *Primeaux*, 274 So.3d at 28.

In the present case, plaintiff argues summary judgment was inappropriate because there are genuine issues of material fact relative to whether the change in

---

[3] The plaintiff also must prove the merchant either created the condition or had actual or constructive notice of the condition prior to the occurrence, and the merchant failed to exercise reasonable care. La. R.S. 9:2800.6(B); *Primeaux*, 274 So.3d at 28.

6

elevation at the patio's edge is open and obvious or presents an unreasonable risk of harm. She maintains it was sunny on the day of the accident, "causing the patio area and the parking lot area to blend together [and] making it difficult to see the uncolored and unprotected step-down." At the motion hearing, plaintiff's counsel argued the shadows cast by the patio's awning increased the difficulty of seeing the change in elevation.

Defendants counter that the step-down is a "completely normal, defect free patio curb," which does not present an unreasonable risk of harm. They contend there was a noticeable color difference between the patio and the parking lot, even in the shade, which should have called plaintiff's attention to the difference in elevation had she been attentive. Defendants also point out that plaintiff had been at the Southside Cafe at least ten times prior to her fall. They argue she failed in her duty as a pedestrian to use due care and make certain her pathway was clear.

In her deposition, plaintiff testified she did not see the curb at the edge of the patio because there was "no difference in color" between the patio and the parking lot, the curb being "totally camouflaged" by the shade. Moreover, although the face of the curb is painted yellow, plaintiff testified she could not see the yellow paint on the face of the curb, since she was coming from inside the cafe. She noted the yellow paint on the curb was visible only when approaching the cafe from the parking lot.

Additionally, plaintiff and defendants each introduced photographs of the patio where the accident occurred in support of and in opposition to the motion for summary judgment. Defendants also presented a brief, promotional video recorded by one of Southside Cafe's owners on the same day as, but subsequent to, plaintiff's accident. The accident occurred at approximately 1:30 to 2:00 p.m. The video, which included scenes of the patio area where plaintiff fell, was posted live to Facebook at 2:54 p.m.

7

Several of the black and white photographs included in the appellate record are of such poor quality as to be of little evidentiary value. In some of the color photographs, however, there appears to be little difference in some areas between the respective colors of the patio and the parking lot. Bearing in mind that all doubts are to be resolved in favor of the non-moving party, we believe that, while some may disagree, a reasonable trier-of-fact could conclude the colors of the patio and the parking lot blended together when in shade so that the change in elevation was not open and obvious to everyone. See *Primeaux*, 274 So.3d at 28. Therefore, since we believe reasonable persons could reach different conclusions, a genuine issue of material fact existed regarding whether the curb created a condition that was unreasonably dangerous and/or was open and obvious due to an insufficient variation in color between the patio and the parking lot. Accordingly, the district court erred in granting the motion for summary judgment.

## CONCLUSION

For the above reasons, the district court judgment granting defendants' motion for summary judgment and dismissing plaintiff's claims with prejudice is hereby reversed. This matter is remanded to the district court for further proceedings in accordance with this opinion. Defendants are to pay all costs of this appeal.

**REVERSED AND REMANDED.**