| | | |
|---|---|---|
| LUSCO & LUSCO, LLC | * | NO. 2024-CA-0187 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| SUNU ASSURANCES LIBERIA, | * | |
| LTD, HMIA, LLC, AND RYAN | | FOURTH CIRCUIT |
| SPECIALTY GROUP | * | |
| SERVICES, LLC | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-07220, DIVISION "E"
Honorable Omar Mason, Judge
* * * * * *
**Chief Judge Terri F. Love**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Roland L. Belsome, Judge Dale N. Atkins)

Joseph M. Bruno
BRUNO & BRUNO, LLP
855 Baronne Street
New Orleans, LA 70113

    COUNSEL FOR PLAINTIFF/APPELLANT, LUSCO & LUSCO, LLC

Max J. Cohen
Melanie C. Lockett
LOWE STEIN, LLC
701 Poydras Street, Suite 3600
New Orleans, LA 70139-7735

    COUNSEL FOR DEFENDANT/APPELLEE, HMIA, LLC

Beau A. LeBlanc
VOORHIES & LABBE
700 St. John Street, Suite 500
Lafayette, LA 70502

    COUNSEL FOR DEFENDANT/APPELLEE, RYAN SPECIALTY GROUP SERVICES, LLC

**REVERSED AND REMANDED**
**OCTOBER 4, 2024**

**TFL**

**RLB**

**DNA**

This appeal arises from a dispute regarding the applicable duty an insurance broker owes to its insureds. The insured party, Lusco & Lusco, LLC ("Lusco"), seeks review of the trial court's judgment, which granted motions for summary judgment filed by insurance brokers, HMIA, LLC d/b/a Hartwig May Insurance Agency ("HMIA") and Ryan Specialty Group Services, LLC d/b/a RT Specialty ("RSG"), and dismissed Lusco's claims with prejudice. The trial court found that HMIA and RSG fulfilled the basic duties to Lusco by securing the insurance coverage requested. Further, the trial court found that HMIA and RSG should not be held to a higher standard required for surplus lines insurance because the insurance policy was not a surplus lines insurance policy.

Upon review, we find the trial court committed legal error and exceeded the scope of La. C.C.P. art. 966(F) by granting the motions for summary judgment based upon assertions raised for the first time in the reply memoranda.

1

Accordingly, we reverse the judgment of the trial court and remand for further proceedings.

### *FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

Lusco, a company in the business of logging and landholding for commercial logging, prepared to lease logging equipment worth $1,878,000.00 to Renaissance, Inc. ("Renaissance") for use in Monrovia, Liberia. To protect the investment, Lusco sought to obtain insurance to cover the logging equipment from HMIA, an insurance broker. Lusco previously utilized HMIA for all insurance needs.

Initially, HMIA obtained insurance coverage from Certain Underwriters at Lloyd's of London ("Lloyd's"). However, Lloyd's opted not to renew the policy. HMIA then contacted RSG, another insurance broker, to assist with procuring a new policy for Lusco's logging equipment in Monrovia. Finding no viable options, RSG contacted Tradewinds Risk Advisors ("Tradewinds"), a multinational insurance broker, for assistance. Tradewinds contacted Guemas International ("Guemas"), an international insurance broker. Guemas obtained a quote from SUNU Assurances Liberia, Ltd. ("SUNU"). The policy with SUNU was confected for Lusco, effective October 1, 2019.

Once the COVID-19 pandemic began, Liberian authorities restricted who could remain in the country. Forced to leave, Lusco had the logging equipment placed in a secure and guarded location. However, the equipment was allegedly heavily looted and/or stolen. Lusco contacted HMIA in order to file a claim.

2

HMIA facilitated filing the claim, but SUNU denied the claim, stating that fraud or dishonesty on behalf of Lusco was not a compensable loss.[1]

Lusco filed a Petition for Damages against SUNU, HMIA, and RSG alleging breach of contract as to SUNU and breach of duty as to HMIA and RSG. All three defendants filed answers in response to the Petition. Lusco filed a Motion to Strike SUNU's Answer because the attorney was not authorized to practice in Louisiana. The trial court granted the Motion to Strike.

RSG and HMIA filed Motions for Summary Judgment contending that they did not breach any duty owed to Lusco, as they successfully procured the requested insurance policy. Lusco filed an Omnibus Opposition to the Motions for Summary Judgment. On the day of the hearing, Lusco filed an Exhibit List with additional exhibits, seeking to supplement the Omnibus Opposition to the Motions for Summary Judgment. HMIA and RSG filed a Motion to Strike the Exhibit List. Following the hearing, the trial court signed a judgment granting the Motions for Summary Judgment filed by HMIA and RSG and dismissed Lusco's claims with prejudice.

Lusco filed a Motion for New Trial, asserting that the insurance policy was a surplus lines insurance policy such that HMIA and RSG owed a more specific duty to Lusco. The trial court denied Lusco's Motion for New Trial and granted HMIA's and RSG's Motion to Strike the Exhibit List. Lusco then filed a Notice of Devolutive Appeal of Judgments concerning both the judgment granting the Motions for Summary Judgment and the judgment denying the Motion for New Trial.

_____

[1] The record is unclear as to what fraud or dishonesty SUNU references, but the facts central to this issue are not before the Court or relevant to the present appeal.

## STANDARD OF REVIEW

"An appellate court reviews summary judgments under the *de novo* standard of review, using the same standard applied by the trial court in deciding the motion for summary judgment." *Strategic Cap. Holdings, LLC v. Bennett*, 21-0672, 21-0673, p. 3 (La. App. 4 Cir. 7/29/22), 366 So. 3d 255, 258, (citing *Precept Credit Opportunities Fund, L.P. v. Elmore*, 21-0502, p. 3 (La. App. 4 Cir. 4/20/22), 338 So. 3d 87, 89-90), *as clarified on reh'g* (9/20/22), *writ denied*, 22-01572 (La. 1/11/23), 352 So. 3d 983. "[W]e are not required to analyze the facts and evidence with deference to the judgment of the trial court or its reasons for judgment." *Id.*

## SUMMARY JUDGMENT

"[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). The motion for summary judgment "is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." La. C.C.P. art. 966(A)(2). "The procedure is favored and shall be construed to accomplish these ends." *Id.*

The Louisiana Code of Civil Procedure provides that:

> [t]he only documents that may be filed or referenced in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, certified copies of public documents or public records, certified copies of insurance policies, authentic acts, private acts duly acknowledged, promissory notes and assignments thereof, written stipulations, and admissions.

La. C.C.P. art. 966(A)(4)(a). "[O]r referenced" was recently added by 2023, La. Acts 317, §1, as now:

> Any document listed in Subsubparagraph (a) of this Subparagraph previously filed into the record of the cause may be specifically referenced and considered in support of or in opposition to a motion for summary judgment by listing with the motion or opposition the document by title and date of filing. The party shall concurrently with the filing of the motion or opposition furnish to the court and the opposing party a copy of the entire document with the pertinent part designated and the filing information.

La. C.C.P. art. 966(A)(4)(b).

"The burden of proof rests with the mover." La. C.C.P. art. 966(D)(1). However, "if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment," the mover is not required "to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." *Id*. The adverse party must then "produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id*. "A summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time." La. C.C.P. art. 966(F).

***Evidence Presented***

RSG's Motion for Summary Judgment contended that the duty of "reasonable diligence" owed to Lusco was discharged once the SUNU insurance policy was obtained. In support, RSG attached Lusco's Petition for Damages; the affidavit of Jordan Strange, an Inside Broker for RSG who helped procure the SUNU insurance policy; and the SUNU insurance policy.

HMIA's Motion for Summary Judgment also maintained that it owed a duty

of "reasonable diligence" to Lusco, which it fulfilled by helping secure the SUNU insurance policy. In support, HMIA attached Lusco's Petition for Damages; the affidavit of Hartwig Moss IV, the manager of HMIA; the SUNU insurance policy; and documents regarding SUNU's denial of Lusco's claim.

RSG filed a motion to supplement the summary judgment with Mr. Moss's affidavit, which the trial court granted.

In opposition, Lusco set forth disputed issues of material fact as to HMIA and RSG. Lusco filed an Omnibus Memorandum in Opposition to Motions for Summary Judgment countering that HMIA and RSG breached their duty to Lusco as surplus line brokers dealing with alien insurers. In support, Lusco attached the affidavit of Suzanne Ganier, an insurance expert; the affidavit of Charlie Lusco, the owner and operator of Lusco; and excerpts of the La. C.C.P. art. 1442 depositions of HMIA and RSG.

HMIA replied, contending the SUNU insurance policy was not a surplus lines insurance policy and that HMIA was acting as a retail agent and not as a surplus lines broker. RSG also filed a reply, asserting that the SUNU insurance policy was not a surplus lines insurance policy and that RSG was not acting as a surplus lines broker.

On the day of the hearing, Lusco filed an Exhibit List seeking to introduce additional excerpts from the La. C.C.P. art. 1442 depositions of HMIA and RSG based on the new assertion that the SUNU insurance policy was not a surplus lines insurance policy raised in the reply briefs filed by HMIA and RSG. The trial court struck Lusco's Exhibit List in the judgment denying Lusco's Motion for New Trial.

*Appeal*

On appeal, Lusco asserts the following:

1. The trial court erroneously granted summary judgment in favor of Defendants and dismissed all claims against them despite Defendants' breach of the specific duties Defendants owed to Plaintiff under the Louisiana Insurance Code as surplus lines brokers procuring insurance from an alien insurer.

2. The trial court erroneously granted summary judgment in violation of La. C.C.P. art. 966 by granting Defendants' Motions for Summary Judgment based on issues not raised in the original Motions.

3. The trial court erred in granting summary judgment based on the substantively erroneous conclusion that the SUNU policy was not surplus lines insurance based on the location of the risk.

4. The trial court erred in granting summary judgment because genuine issues of material fact exist as to whether Lusco was informed that Defendants switched its coverage from Lloyd's to SUNU.

5. The trial court erred in granting summary judgment because, regardless of whether SUNU was surplus lines insurance, Defendants breached their duty to Lusco by placing the insurance with an unauthorized, nonexempt insurer.

***Trial Court's Authority***

Because Lusco's second assignment of error may be dispositive, we begin by examining whether the trial court exceeded its authority by granting HMIA's and RSG's Motions for Summary Judgment based on legal precepts and arguments not contained in the original motions.

HMIA and RSG presented a very narrow issue in the Motions for Summary Judgment: HMIA and RSG fulfilled the duty of reasonable diligence by procuring the SUNU insurance policy for Lusco. Therefore, there was no breach of duty.

7

However, the transcript reveals that the trial court ruled regarding the alleged application of surplus line insurance regulations, as follows:[2]

> [I]t's also clear that the insurance code is to protect the residents and their property within the confines of the State of Louisiana, even under title 22 section 46 surplus lines definition clearly no matter how you read it, the Court agrees that the property risk or exposure in this particular matter is not located or to be performed in this state, or the risk is not in this state because it was procured in connection with equipment and property that is located in another country. And because of that, and there's no disputed issue of material fact as to where the property was located when the incident occurred, or the loss occurred -- the risk was incurred and the exposure was experienced, the Court does not find that there's a material issue of fact as to -- in dispute as to that issue. As such, the Court finds that summary judgment of HMIA LLC and RSG Specialty LLC as there is no specialized duty outside of the general agency and broker duties as the title 22 statute does not apply in this particular matter with respect to the insurance provided. As such, the Court finds that the summary judgments shall be and are hereby granted.

Louisiana Code of Civil Procedure Article 966(F) states, "[a] summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time." While appellate courts review judgments and not reasons for judgments, there are some exceptions. "The circumstances presented here, however, fall within a carved-out exception to the general rule that a trial court's reasons are not relevant." *Cutrone v. Eng. Turn Prop. Owners Ass'n, Inc.*, 19-0896, p. 10 (La. App. 4 Cir. 3/4/20), 293 So. 3d 1209, 1216. "[A] trial court's reasons for judgment are relevant when, as here, there is a question posed as to whether the trial court exceeded its authority under La. C.C.P. art. 966(F)." *Id. See also Guilbeau Marine, Inc. v. Ledet*, 23-0065, p. 7 (La. App. 1 Cir. 9/15/23), 375 So. 3d 977, 983-84, (citations omitted), *writ denied*,

---

[2] The trial court's written judgment provided, "for the oral reasons assigned by the Court."

23-01369 (La. 12/19/23), 375 So. 3d 411.

"The jurisprudence has held that a summary judgment rendered in violation of La. C.C.P. art. 966(F) is legally erroneous." *Cutrone*, 19-0896, p. 8, 293 So. 3d at 1215 (citations omitted). This Court previously examined the reasoning behind the enactment of La. C.C.P. art. 966(F) as follows:

> Since 2010, the Louisiana summary judgment law has restricted the trial court's ability to render a summary judgment to "those issues set forth in the motion under consideration." The 2015 Revision Comments to La. C.C.P. art. 966 (Comment (l)) offer additional instruction, stating that "Paragraph F makes clear that, in deciding a motion for summary judgment, a court can consider only the issues raised in the motion or opposition filed by the parties. The court cannot rule on issues not raised by the parties."
>
> The purpose of the restriction codified in La. C.C.P. art. 966(F) is to inform the opponent of the summary judgment motion of the elements on which there allegedly is no genuine issue of material fact and to avoid surprise. *See also* Louisiana District Court Rule 9.10 (outlining the requirement for a memorandum in support of a motion for summary judgment). Failure to enforce the restriction codified in La. C.C.P. art. 966(F) results in "requir[ing] the non-mover on a motion for summary judgment, who will not carry the burden of proof on the issue raised in the motion, to respond to the motion by submitting evidence that it will be able to carry its burden of proof as to all essential elements of his claim, regardless of whether a particular element of his claim was placed at issue by the motion or not." *Ronald's Lawn Serv., LLC v. St. John the Baptist Par. Sch. Bd.*, 19-244, p. 10 (La. App. 5 Cir. 12/11/19), 284 So.3d 696, 702 (Chaisson, J., dissenting). Absent the Article 966(F) restriction, the opponent is forced "to try his entire case to the court in response to the motion for summary judgment." *Id*.

*Id.*, 19-0896, pp. 8-9, 293 So. 3d at 1215-16 (alteration in original)(footnotes omitted). *See also Brindell v. Carlisle Indus. Brake & Friction, Inc.*, 22-0153, p. 7 (La. App. 4 Cir. 9/21/22), 349 So. 3d 678, 683. Further, granting summary

9

judgment relief based on an argument advanced for the first time in a reply memorandum is prohibited. *Smith v. Moreau*, 17-0003, p. 5 (La. App. 1 Cir. 6/2/17), 222 So. 3d 761, 765-66. *See also Wilson v. Two SD, LLC*, 15-0477, p. 6 (La. App. 1 Cir. 12/23/15), 186 So. 3d 159, 162, (holding the trial court erred in rendering summary judgment based on an exclusion first asserted by insurer in a reply memorandum), *writ denied*, 16-0306 (La. 4/8/16), 191 So. 3d 588.

As discussed above, HMIA and RSG asserted a narrow issue for relief in the Motions for Summary Judgment: that they fulfilled the duty of reasonable diligence in procuring the SUNU insurance policy for Lusco; therefore, no duty was breached. Lusco countered these assertions, contending that the more specific duty governing surplus line insurers, as outlined in La. R.S. 22:431, et seq., applied. Lusco maintained that HMIA and RSG breached these duties. For the first time in the reply briefs, HMIA and RSG averred the SUNU insurance policy was not a surplus lines insurance policy and that they were not acting as surplus line insurance brokers. Lusco was then prevented, according to summary judgment procedure, from challenging the replies by the pleadings. *See Hoover v. Hoover*, 01-2200, p. 8 (La. 4/3/02), 813 So. 2d 329, 334 ("The court cannot render a motion for summary judgment dismissing a claim which has not been challenged by the pleading."). As such, HMIA and RSG did not properly place Lusco on notice that the characterization of the SUNU insurance policy as a surplus lines insurance policy was an issue. Therefore, we find the trial court exceeded the scope of La. C.C.P. art. 966(F) by granting HMIA's and RSG's Motions for Summary Judgment based on the finding that surplus lines insurance regulations did not apply. Thus, the judgment was legally erroneous. The judgment of the trial court is reversed, and we remand for further proceedings.

10

### *DECREE*

For the above-mentioned reasons, we find the trial court committed legal error by granting HMIA's and RSG's Motions for Summary Judgment and dismissing Lusco's claims based on a legal issue not properly before the court. We reverse the judgment of the trial court and remand for further proceedings.

**REVERSED AND REMANDED**